[Civ. No. 2049. Third Appellate District.—May 19, 1920.]

## J. D. BAILIFF, Appellant, v. A. M. HILDEBRANDT, Respondent.

[1] DEFAULT—MOTION TO SET ASIDE—FAILURE TO ACCOMPANY WITH COPY OF ANSWER.—Where the notice of motion to vacate and set aside the default of a defendant and the judgment entered thereon against said defendant is not accompanied by the answer, or other pleading proposed to be filed therein, as provided in section 473 of the Code of Civil Procedure, and no answer, or other pleading, is served upon the plaintiff or offered to the clerk for filing, the motion should be denied.

[2] ID.—APPEAL—BILL OF EXCEPTIONS—PLEADINGS—PRESUMPTION.—
Where the bill of exceptions on appeal from an order granting a
motion to set aside the default of a defendant and the judgment
entered thereon does not show that an answer was served upon the
plaintiff or offered to the clerk for filing, and the certificate of the
judge states that it "contains the statement of all papers and evi-
dence used in the above-entitled matter," and the stipulation of
the attorneys is "that the foregoing bill of exceptions contains a
true and correct statement of all the evidence introduced and of
all of the proceedings had upon the hearing of the above-entitled
motion," it cannot be presumed, in favor of the order of the trial
court, that an answer was served or filed.

APPEAL from an order of the Superior Court of Sonoma
County granting a motion to set aside a default and the
judgment entered thereon.   Thos. C. Denny, Judge.   Re-
versed.

The facts are stated in the opinion of the court.

Hiram E. Casey, L. R. Lambert and Casey & Lambert
for Appellant.

W. F. Cowan for Respondent.

NICOL, P. J., *pro tem.*—This is an appeal by plaintiff
from an order vacating and setting aside the default of
defendant and the judgment entered thereon against the
said defendant.

The motion to set aside the default and judgment was one
under section 473 of the Code of Civil Procedure and in
substance was made upon the ground of mistake, inadver-
tence, and excusable neglect.   The defendant's demurrer to
the complaint was overruled by the court on December 9,
1918, and by the order he was given ten days within which
to answer.   On December 26, 1918, the defendant not having
answered in compliance with the said order, his default was
entered and on the same day judgment was duly entered for
the amount prayed for in the complaint, together with costs;
execution was issued and levied upon moneys belonging to
the defendant and the judgment by virtue thereof was fully
paid and satisfied on the twenty-sixth day of December,
1918.   On June 2, 1919, defendant filed his notice of motion
to set aside the said default and judgment.   The motion

came on for hearing before the court on June 16, 1919, and was on said day by the court granted.

The notice of motion stated that it would "be made and based upon all the records, papers, and files and proceedings in this action, and upon this notice and the affidavit of defendant and of W. F. Cowan which is served and filed herewith, and upon such oral and documentary evidence as may be offered . . . " No copy of any answer, or other pleading proposed to be filed, accompanied said notice of motion. Section 473 of the Code of Civil Procedure, as amended in 1917 (Stats. 1917, p. 242), provides that an application like the one in the case at bar "must be accompanied with a copy of the answer, or other pleading proposed to be filed therein, otherwise said application shall not be granted." The supreme court, in speaking of this amendment in the case of *Los Angeles County* v. *Lewis,* 179 Cal. 398, [177 Pac. 154], said: "The plain object of the provision was simply to require the delinquent party seeking leave to contest on the merits, to show his good faith and readiness to at once file his answer in the event that leave is granted by producing a copy of the proposed answer for the inspection of his adversary and the court. Substantial compliance with the provision of course requires such production in connection with the application for relief."

In this case of *Los Angeles County* v. *Lewis,* no copy of the answer was served with the notice of motion to set aside the default, but the defendant two days before the giving of the notice of motion offered his proposed answer for filing and left the same in the custody of the clerk and served the same by delivery of a copy on the adverse party. The notice of motion stated that this was the answer that the defendant desired to file and that the motion would be based in part on the same and the affidavit of the defendant, a copy of which was served with the notice of motion, showed that the answer that the defendant desired to be filed was the one which the defendant had offered for filing and which had remained in the custody of the clerk. The supreme court held that this was a compliance with the said amendment and that "the provision of section 473 of the Code of Civil Procedure, here involved, like the remainder of the section, must be liberally construed with a view to substantial justice, and we are of the opinion that it must

be held that, in view of the facts stated, the application for relief was 'accompanied' with a copy of the answer proposed to be filed."

[1]   In the case at bar, as before stated, no copy of any answer, or other pleading proposed to be filed, accompanied defendant's notice of motion, nor does the record anywhere show that any answer, or other pleading, was served upon the plaintiff or offered to the clerk for filing.   There was no compliance made by defendant with the said provision.

[2]   The respondent argues that the record or bill of exceptions must affirmatively show that no other evidence was offered than that stated in the bill of exceptions, and that in the absence of such showing it will be presumed in support of the order of the court that an answer was filed.   Conceding that respondent's argument in this respect is sound, nevertheless we are of the opinion that the record in this case sufficiently shows that no other evidence was offered on this motion than that which is contained in the bill of exceptions.   The certificate of the judge to the bill of exceptions states that it "contains the statement of all papers and evidence used in the above-entitled matter" and the stipulation of the attorneys is, "that the foregoing bill of exceptions contains a true and correct statement of all the evidence introduced and of all of the proceedings had upon the hearing of the above-entitled motion."

It follows that the order appealed from should be reversed and it is so ordered.

Hart, J., and Burnett, J., concurred.