[Civ. No. 5878. First Appellate District, Division One.—October 13, 1927.]

HELEN CORGIAT, Appellant, v. REALTY MORTGAGE CORPORATION OF CALIFORNIA, Respondent.

Richard Liebman for Appellant.

Clifton R. Gordon, A. B. Dunne and Dunne, Dunne & Cook for Respondent.

CASHIN, J.—An appeal from an order vacating and setting aside a judgment.

The action was brought by appellant against respondent corporation to recover damages for the alleged conversion of certain corporate stock. The summons was served on December 17, 1926, and thereafter a verified answer to the complaint was filed by respondent. A motion to set the cause for trial was regularly made by appellant, and the trial, by stipulation of counsel of record made in open court, was set for February 17, 1927, in department 2 of the superior court of the city and county of San Francisco, following which a notice of trial was served upon the attorneys of record for respondent. These attorneys failed to appear at the time the cause was heard, and the court entered its judgment in favor of appellant. Thereafter respondent served and filed a notice of motion for an order vacating

the judgment upon the grounds that the same had been made and entered through the mistake, inadvertence, surprise, and excusable neglect of the respondent, and after a hearing the motion was granted on February 27, 1927.

The notice of motion, which was accompanied by a substitution of attorneys, referred to the verified answer and the files and records in the case, and was based upon certain affidavits, one being an affidavit of merits, which was served and filed.

Appellant contends that in view of the facts the order was an abuse of discretion.

On the date of the entry of judgment Messrs. McGee and Mather were attorneys of record for respondent, no formal substitution of attorneys being had until the filing of the motion. It appears, however, from the affidavits filed that these attorneys had in fact terminated their connection with the case before the trial, and that Clifton R. Gordon, the attorney who was subsequently substituted as the attorney of record, was acting for respondent before and on the day of the trial. According to the affidavit of the latter the attorney for appellant was notified on February 11, 1927, that affiant would be engaged on February 14, 1927, in the trial of another action in department 7 of the same court; that at the hour of 10:30 A. M. on the latter date affiant left the courtroom of department 7, where he was engaged, and went to department 2 in order to ascertain the condition of the calendar in that department; that another action was then on trial in the latter department, and from a conversation with counsel engaged therein it appeared to affiant that the hearing would occupy the whole of that day; that he returned at 4:40 o'clock P. M., the hour at which the trial in which he was engaged in department 7 ended, and found that the action against respondent had been heard and the judgment entered.

It was shown by the affidavit of the attorney for appellant that the case was called at 10:30 o'clock A. M. on February 14, 1927, was continued until 2 P. M., of that day, and was not reached on the calendar until 3:05 P. M., at which hour the hearing was had and the judgment entered. It further appears from this affidavit that a conversation was had between the attorneys on February 11, 1927, and, according to affiant, attorney Gordon then requested a con-

tinuance and affiant was not advised that he would be engaged in another department on the day set for the trial of the cause.

█ In the consideration of an appeal from an order upon affidavits involving the decision of a question of fact this court is bound by the same rule which controls when oral testimony is presented for review. █ If there is any conflict in the affidavits those in favor of the prevailing party must be taken as true and the facts stated therein must be considered as established (*Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001]), and an order setting aside a default made upon conflicting affidavits is conclusive on appeal (*Patterson* v. *Kenney,* 165 Cal. 465 [Ann. Cas. 1914D, 232, 132 Pac. 1043].) █ The provisions of section 473 of the Code of Civil Procedure are to be liberally construed so as to dispose of cases upon their merits, and to give the party claiming in good faith to have a substantial defense an opportunity to present it (*Nicol* v. *Weldon,* 130 Cal. 667 [63 Pac. 63]; *Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148]). As was said in *Mitchell* v. *California etc. S. S. Co.,* 156 Cal. 576 [105 Pac. 590]: ''It is for this reason that we more readily listen to an appeal from an order refusing to set aside a default than where the motion has been granted, since in such a case a defendant may be deprived of a substantial right, whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff at any time will be able to establish his cause of action. If for any reason he will be unable to do so that fact should be made to appear; but if he is merely subjected to delay or inconvenience by having the default set aside he can be compensated therefor by the terms which the court would impose as a condition for granting the motion.''

As the rule is stated in *O'Brien* v. *Leach,* 139 Cal. 220, 222 [96 Am. St. Rep. 105, 72 Pac. 1004], ''In matters of this sort the proper decision of the case rests almost entirely in the discretion of the court below; and this court will rarely, if ever, interfere, and never unless it clearly appears that there has been a plain abuse of discretion.'' Any doubt that may exist should be resolved in favor of the application to the end of securing a trial upon the merits. (*Jergins* v. *Schenck,* 162 Cal. 747 [124 Pac. 426]; *Savage* v. *Smith,* 170 Cal. 472, 475 [150 Pac. 353].)

In the present case it was not shown that appellant would be unable to establish her cause of action should the default be set aside; and while it appears that the order subjected her to inconvenience and caused delay, compensation could, and no doubt would, have been allowed as a condition to granting the order had an application therefor been made to the trial court; and it sufficiently appears that respondent has a defense on the merits to the action which is urged in good faith. The application for relief was promptly made, and from the circumstances shown the trial court might reasonably have concluded that the attorney for respondent was not wanting in due diligence on the day of the trial, and that the default was due to inadvertence and excusable neglect. In view of the facts we cannot say that this conclusion was not fairly supported, or that the action of the court in granting the relief sought was an abuse of discretion.

The order is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1927.