[Civ. No. 4958.   Second Appellate District, Division Two.—March 16, 1928.]

LA BONTE & RANSOM CO., INC., (a Corporation), Respondent, v. L. W. SCELLARS, Appellant.

J. M. Bowen for Appellant.

Harry W. McNutt for Respondent.

HAZLETT, J., *pro tem.*—In this case defendant failed to answer within the time allowed by law after service of the summons and complaint, his default was taken and judgment was entered against him pursuant thereto. He moved to have the default judgment set aside under the provisions of section 473 of the Code of Civil Procedure, on the ground of mistake, inadvertence, or excusable neglect, which motion was denied, and he appeals.

The appeal was made pursuant to the alternative method provided for in sections 953a, 953b, and 953c of the Code of Civil Procedure, but appellant did not print in his brief or in a supplement thereto any part of the record. He mentions in his brief his notice of motion to be relieved from the default, the affidavits made in support of and in resistance to the motion, and the order of the court denying the motion. Respondent printed in his brief an affidavit made in resistance to the motion. The provision of section 953c, requiring appellant to so print such portions of the record as he desired to call to the attention of the court, was not complied with, and the affidavit presented by respondent does not aid appellant in this appeal.

Therefore the record properly before us fails to show error on the part of the trial court in refusing to set

aside the default, and we are unable to say that any error was committed. "All presumptions indulged in are in favor of the regularity of the judgment and the proceedings upon which it is based, hence it devolves upon appellant to affirmatively show the existence of the error upon which he asks for a reversal." (*Dahlberg* v. *Dahlberg,* 202 Cal. 295 [260 Pac. 290], and cases cited.) However, in cases where the typewritten transcripts were not voluminous and, in considering the appeals the court was not caused much extra labor or unusual inconvenience, the transcripts have been examined to determine whether there was merit in the appeals. (*Hille* v. *Johnston,* 85 Cal. App. 273 [259 Pac. 341], and cases cited, and *Furlong* v. *Alexander,* 76 Cal. App. 137 [243 Pac. 887].)

In this case the typewritten transcript is not extensive, we have examined it, and it appears that there is a conflict of material facts shown by the affidavits of the parties. This being true, the facts stated in the affidavit presented by respondent must be taken as true and is conclusive on this appeal. (*Corgiat* v. *Realty Mortgage Corporation of California,* 86 Cal. App. 37 [260 Pac. 573].) Defendant did not accompany his motion to be relieved from the default with a copy of his answer or other pleading, nor did he propose to file with his motion or at all any answer or other pleading as required by the second subdivision of section 473 of the Code of Civil Procedure. This omission, in itself, is sufficient to require an affirmance of the order of the trial court. (*Bailiff* v. *Hildebrandt,* 47 Cal. App. 564, 567 [191 Pac. 42].)

The order is affirmed.

Craig, Acting P. J., and Thompson, J., concurred.