[Civ. No. 21192.   Second Dist., Div. Three.   Oct. 14, 1955.]

GABRIELLE DANIELS, a Minor, etc., Appellant, v. ORRIN POTTER DANIELS et al., Respondents.

Moore, Webster, Lindelof & Hughes and Prentiss Moore for Appellant.

Boyle, Bissell & Atwill and Robert C. Mardian for Respondents.

VALLÉE, J.—Appeal by plaintiff from an order dismissing a second amended complaint against defendants Donald and Genevieve Daniels, from an order dismissing the second count thereof against defendant Orrin Daniels, and from an order denying her motion under section 473 of the Code of Civil Procedure to vacate such orders.

On July 28, 1954, plaintiff, a 4-year-old child, through her guardian ad litem, commenced the action to determine her paternity and for damages for an alleged conspiracy to deny her her legitimate rights. The complaint is in two counts and is not verified. The first count is against defendants Orrin Daniels, Donald Daniels, Genevieve Daniels, and Joan Daniels, plaintiff's mother, alleging that Orrin Daniels is plaintiff's father and that Donald and Genevieve Daniels are her grandparents, and praying the court to declare that Orrin and Joan Daniels are her father and mother. The second count is against defendants Orrin Daniels, Donald Daniels, and Genevieve Daniels on the theory that plaintiff is entitled to damages because the three defendants, by common agreement and design, prevented Orrin Daniels from marrying

plaintiff's mother until plaintiff was about 18 months of age; prevented Orrin Daniels from acknowledging plaintiff as his child; and deprived plaintiff of the right to be born the legitimate daughter of Orrin Daniels. On September 2, 1954, demurrers to both counts were sustained, and plaintiff was granted 20 days in which to amend.

On September 22, 1954, an amended complaint was filed; it also was unverified. It was practically identical with the original complaint. On October 13, 1954, a demurrer of defendant Orrin Daniels to the first count was overruled and he was granted 20 days within which to answer; his demurrer to the second count was sustained, and plaintiff was granted 10 days in which to amend. A general demurrer of defendants Donald and Genevieve Daniels to the entire amended complaint was sustained, and plaintiff was granted 10 days in which to amend. On Friday, October 15, notices of the rulings were given.

On October 28, 1954, plaintiff filed a second amended complaint, also unverified, which filing was after the time fixed by the court. The second amended complaint was also framed in two counts. The only changes were that in the first count for a declaration of paternity it named Orrin and Joan Daniels as the only defendants, and in the second count it designated plaintiff's mother, defendant Joan Daniels, as one of the alleged conspirators and attempted to expand allegations of slander and bribery. On November 15, 1954, defendant Orrin Daniels moved to dismiss the second count and defendants Donald and Genevieve Daniels moved to dismiss the entire second amended complaint on the ground it was not timely filed.

On November 18, 1954, the motions were heard. No showing by affidavit or otherwise was made on behalf of plaintiff as to why the second amended complaint was not filed in time. On February 24, 1955, the court by minute order granted the motion of defendant Orrin Daniels to dismiss the second count, granted the motion of defendants Donald and Genevieve Daniels to dismiss the entire second amended complaint as to them, and rendered judgment in the minute order in favor of defendants Donald and Genevieve Daniels against plaintiff. The judge in a memorandum of rulings stated that the motions were granted pursuant to section 581, subdivision 3, of the Code of Civil Procedure on the ground the second amended complaint was not timely filed. Notices of the rulings were given plaintiff on February 28, 1955.

On March 7, 1955, plaintiff filed a notice of motion for relief from the orders of February 24, 1955, under section 473 of the Code of Civil Procedure on the ground of mistake, inadvertence, surprise, and excusable neglect of plaintiff and her attorneys. An affidavit of one of plaintiff's attorneys was attached setting forth the reasons and causes for the delay in filing the second amended complaint. No affidavit of merits was filed in support of the motion. An affidavit in opposition to the motion was filed. On March 15, 1955, the motion was denied.

With respect to defendant Orrin Daniels, plaintiff appeals from the minute order dismissing the second count of the second amended complaint and from the order denying relief under section 473 of the Code of Civil Procedure. As to defendants Donald and Genevieve Daniels, plaintiff appeals from the minute order dismissing the entire second amended complaint and from the order denying relief under section 473.

■ The minute order dismissing the second count of the second amended complaint as to Orrin Daniels is not an appealable order and the appeal therefrom must be dismissed. That appeal is premature. The court did not dismiss the first count as to Orrin, and a final judgment has not been entered as to him. The action is still pending as to him. A minute order dismissing one count from a complaint containing multiple counts, leaving a count or counts undetermined between the same parties, is not a final judgment and an appeal therefrom is abortive. (*Greenfield* v. *Mather,* 14 Cal.2d 228 [93 P.2d 100]; *Mather* v. *Mather,* 5 Cal.2d 617 [55 P.2d 1174].)

■ The minute order dismissing the entire second amended complaint as to defendants Donald and Genevieve Daniels is a judgment and appealable. (Code Civ. Proc., § 581d.) The second amended complaint was not timely filed. On the hearing of the motion to dismiss no showing of any kind was made as to why it was not filed in time. There is no substantial difference between that complaint and the original one.

■ Under section 581, subdivision 3, of the Code of Civil Procedure an action may be dismissed "when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal." ■ In *Lincoln Holding Corp.* v. *Union Indem. Co.,* 129 Cal.App. 399 [18 P.2d 744], it is said (p. 401):

"When plaintiff failed to amend its complaint within the

time specified, the right of the plaintiff so to do ceased. The order became equivalent to a judgment and could be reviewed only in the modes prescribed by statute.''

When the court sustained the demurrer of Donald and Genevieve Daniels with leave to amend within a specified time and plaintiff failed to amend within that time, her remedy was a motion under section 473 to be relieved of her default. The court did not err in dismissing the entire second amended complaint as to Donald and Genevieve Daniels.

Plaintiff's notice of motion for relief under section 473 is not a part of the record on appeal. Counsel say in their brief it was for relief from the order granting the motion of defendants Donald and Genevieve Daniels dismissing the second amended complaint, from the order dismissing the second count as to Orrin Daniels, and for an order vacating the order of February 24, 1955, and restoring the second count to the calendar.

The granting or denial of an application to set aside a dismissal under section 473 of the Code of Civil Procedure is a matter which rests in the sound discretion of the trial court. The order will not be disturbed on appeal unless it clearly appears that the trial court was guilty of an abuse of discretion. (*Bruskey* v. *Bruskey*, 4 Cal.App.2d 472, 478 [41 P.2d 203]. See *Baratti* v. *Baratti*, 109 Cal.App.2d 917, 921 [242 P.2d 22].) A motion to vacate a judgment under section 473 of the Code of Civil Procedure must be supported by a sufficient affidavit of merits. (14 Cal.Jur. 1052, § 104.) *The absence of an affidavit of merits is not fatal if merits are shown by a verified pleading accompanying the application or already on file.* (14 Cal.Jur. 1057, § 106.) Here, plaintiff did not file an affidavit of merits or a verified pleading, and none was on file. The requirement that a verified pleading accompany the application for relief or that one be on file is mandatory, and failure to comply necessarily results in a denial of relief. (*Nevada Bank* v. *Dresbach*, 63 Cal. 324, 325; *Bailiff* v. *Hildebrandt*, 47 Cal.App. 564, 566 [191 P. 42] ; *La Bonte & Ransom Co., Inc.* v. *Scellars*, 90 Cal.App. 183, 185 [265 P. 550].) Since the second amended complaint was not verified, it could not take the place of an absent affidavit of merits. Thus it is insufficient. (*Pingree* v. *Reynolds*, 23 Cal.App.2d 649 [73 P.2d 1266].) Plaintiff did not comply with the provisions of section 473 of the Code of Civil Procedure. The court did not abuse its discretion.

The appeal from the order dismissing the second count of the second amended complaint as to defendant Orrin Daniels is dismissed. In all other respects the orders appealed from are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.