722

[Civ. No. 23368.   Second Dist., Div. One.   Feb. 9, 1959.]

MARY C. BORIS, Respondent, v. OTTO J. BORIS, Appellant.

J. B. Mandel for Appellant.

Schwabacher & Cosgrove and Leonard A. Cosgrove for Respondent.

FOURT, J.—This is an appeal from an order denying a motion to vacate a default interlocutory judgment of divorce. A complaint in divorce was filed by the plaintiff on April 8,

1957, wherein she charged the defendant with extreme cruelty, and also alleged the usual statutory requirements, and further set forth that there was certain described community property of the parties. She requested: a divorce; that the property be distributed pursuant to law; support and maintenance for herself; a reasonable attorney's fee; restoration of her former name and other customary demands.

The defendant engaged an attorney who represented him until after the interlocutory decree of divorce was granted. The attorney so engaged consulted with the defendant, prepared an answer wherein the defendant, among other things, set forth that the community property consisted solely of a trailer court business (which trailer court business was not mentioned in the plaintiff's complaint). The answer was filed on April 26, 1957.

On July 12, 1957, the attorney for the wife filed a "Memorandum for Setting Contested Action." On October 17, 1957, the cause was set for trial on February 14, 1958. A "Notice of Trial" dated October 24, 1957, was served upon the defendant and his attorney, and filed in the court on October 25, 1957.

On December 13, 1957, the parties and their attorneys each signed a "Stipulation for Default" in which it was set forth that the answer to the complaint theretofore filed be withdrawn and that the matter be heard as a default, and that each waived notice of all further proceedings. The stipulation was filed February 14, 1958.

On December 13, 1957, after negotiations between the parties and the attorneys, a property settlement agreement, which was prepared by the attorney for the defendant, was signed in his office by the parties, both attorneys being present.

On February 18, 1958, the defendant signed a substitution of attorneys, whereby he substituted his present attorney of record, in the place and stead of the attorney who had represented him up to that time. The consent to the substitution was signed by the former attorney on February 20, 1958, and the substitution was accepted by present counsel on February 21, 1958. The "Substitution of Attorneys" document was filed February 24, 1958.

The defendant's present counsel then filed, on March 7, 1958, what is denominated a "Notice of Motion to Vacate and Open Default and Default Judgment under section 473 C.C.P. because of surprise, inadvertence and excusable neglect." The motion was noticed for hearing on March 26, 1958. Various

affidavits were filed, including those of J. B. Mandel (the present attorney for the defendant), Lauretta Boris (sister of the defendant), Susan Gaze and Albert M. Ostrow (friends of the defendant), a letter or unsworn statement of the defendant's brother from Chicago, and an affidavit of the defendant himself. The plaintiff wife filed an affidavit wherein, for all practical purposes, she denied the averments contained in the affidavits filed by the defendant, and set forth in detail in her own behalf just what did take place. The attorney for the wife also filed an affidavit which contradicted much of what was stated in the defendant's affidavits.

The general thought which seems to run throughout all of the statements filed by the defendant is to the effect that he, the defendant, had physically and mentally deteriorated during the past year and that he could not concentrate on what he was doing. A memorandum of points and authorities was filed; however, the application for relief was not accompanied by a copy of the answer or other pleading proposed to be filed.

The trial court heard the matter on March 26, 1958. At the hearing and during the course of argument, counsel for the defendant stated that he had a medical report (which had to do with the defendant) which he had recently received, however he did not offer the same into evidence and it was not so received. From the record before us it is extremely difficult to ascertain what counsel was attempting to establish at the hearing. The judge repeatedly asked him to point out wherein there had been any surprise, excusable neglect or inadvertence, and on each occasion counsel attempted to point out the inconsistencies or the contradictions in the various affidavits, and attempted to state why the judge should believe those persons who were interested in the defendant, and disbelieve the plaintiff and her attorneys. The judge denied the motion to vacate the default and the default judgment.

The defendant now contends, (1) that the court abused its discretion, and (2) that his proposed offer of impaired judgment was sufficient to raise the issue of incompetence on his part, and that the court erred in not allowing him the opportunity to satisfactorily establish such an issue.

The defendant relies heavily upon certain language set forth in the headnote in the case of *Rehfuss* v. *Rehfuss*, 169 Cal. 86 [145 P. 1020], as follows: "The failure of a wife to contest an action for divorce resulting in an interlocutory judgment against her, due to fear engendered in her by the representations made to her by her husband and her own attorney that

if she did defend, her infant child would be taken from her and its father, and placed in some public institution, is excusable neglect, within the meaning of section 473 of the Code of Civil Procedure.''

There was insufficient evidence in the Rehfuss case to show that undue influence was exerted upon the wife which justified her excusable neglect in failing to proceed as she otherwise would, or that there was a collusive agreement entered into between the parties. The trial court was of the opinion that there was no such showing made in the case before us, and the record convinces us that the trial court was correct.

The defendant also cites *Garcia* v. *Garcia*, 105 Cal.App.2d 289 [233 P.2d 23], in support of his position. In that case the moving party, the wife, had not been represented by an attorney. The plaintiff himself did not file a counteraffidavit to the assertions by the wife. Further, in the Garcia case, the wife's affidavit set forth that she had gone to the office of the attorney for her husband and the husband's attorney had told her that it was unnecessary for her to engage counsel, that she would be given at least one-half of the community property, that their child would remain in her custody, and that the husband would support and maintain the child. The wife did not appear in that case, and the default judgment thereafter entered provided that the husband take practically all of the community property, and further he was to have the custody of the minor child. The trial court denied the wife's motion to vacate the default and the appellate court reversed the judgment, and ordered and permitted the wife to file an answer and cross-complaint. There are no facts of importance in the present case before us which are comparable to the facts of the Garcia case.

Counsel for the defendant has stated in his brief that he made an offer tending to show that the defendant was suffering from Parkinson's disease and that such disease affected the central nervous system and the activity of the brain. We have carefully read the transcripts and the records and we fail to find any such an offer, excepting such as might have been made in a very general way when counsel indicated that he needed some more time—that the defendant was to be referred to a neurologist and a psychiatrist and that an electroencephalogram should be taken. When counsel was asked by the court if he had any testimony to the effect that the defendant was impaired in his judgment and that there had been a

deterioration in his mental processes, counsel's reply was that he believed that he could get such testimony. The court asked how, and counsel's only reply was to have the court talk to the defendant.

As we view it, the defendant presented no evidence to show any incompetency on his part, and there is every indication that he, the defendant, followed the usual and proper course under the circumstances, namely, when he was served with a complaint in divorce he took the papers and documents to a competent lawyer of his own choosing, told his own lawyer what he wanted, advised the lawyer of his desires with respect to a property settlement agreement, had his lawyer draw the agreement, caused arrangements to be made whereby the proposals were submitted to the opposing party (the wife in this case), and ultimately convinced the wife and the attorney for the wife of the desirability of executing a property settlement agreement, which they did. The defendant apparently knew what he wanted and got it. The fact that he has changed his mind, engaged other counsel, and now wants something else, does not constitute sufficient grounds upon which to vacate the default and the judgment.

The defendant has cited *Galper* v. *Galper*, 162 Cal.App.2d 391 [328 P.2d 487], and *Dei Tos* v. *Dei Tos*, 105 Cal.App.2d 81 [232 P.2d 873], in support of his contentions. Neither case, on its facts, is in point and in our opinion neither case is of any assistance to the defendant.

Section 473, Code of Civil Procedure, provides in part as follows:

" [Relief from judgment taken by mistake, inadvertence, surprise or excusable neglect.] The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. *Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted,* and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken." (Emphasis added.)

In this case the affidavits of the moving party did not set forth the reasons and the causes of the excuses for the inadvertence, if such there were.

It is, of course, the duty of the trial court to resolve the

conflicts in the various affidavits. The trial judge made the determination in this case and we see no reason why his determination should be disturbed.

Furthermore, as heretofore indicated, the moving party failed entirely to comply with the mandatory provisions of section 473, Code of Civil Procedure, in that no copy of the answer or other pleading proposed to be filed, accompanied the application for relief, nor was it ever filed or offered for filing. (*Bailiff* v. *Hildebrandt*, 47 Cal.App. 564 [191 P. 42]; *La Bonte & Ransom Co., Inc.* v. *Scellars*, 90 Cal.App. 183 [265 P. 550]; *County of Los Angeles* v. *Lewis*, 179 Cal. 398, 400 [177 P. 154].)

We find no abuse of discretion upon the part of the trial judge.

The order and the judgment are, and each is, affirmed.

White, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 8, 1959.