[Civ. No. 24918.   Second Dist., Div. One.   Mar. 21, 1961.]

LOUISE HANSEN, Appellant, v. NORMAN A. HANSEN, Respondent.

*Assigned by Chairman of Judicial Council.

Sidney J. Kahn and Roger C. Stern for Appellant.

Hal N. Halter for Respondent.

FOURT, J.—This is an appeal from an order which vacated and set aside an interlocutory decree of divorce.

On March 5, 1959 the plaintiff filed a complaint for divorce. In the complaint she alleged, among other things, that the defendant had been guilty of extreme cruelty and that the greater part of the real property acquired by the parties since their marriage was her separate property, and she requested that it be declared to be hers. She also asked for distribution of the community property, support and maintenance, attorneys' fees and other benefits. In a first amended complaint she in effect admitted that there might be some basis upon which the real property could be construed to be community property rather than separate property, as alleged in the original complaint.

The defendant filed an answer to the amended complaint and filed a cross-complaint which was answered by the plaintiff. The cause was set for trial December 29, 1959. Upon the court's own motion the trial was advanced to April 5, 1960, some 13 months following the filing of the original complaint. During most of the interim between the filing of the pleadings and the trial date the defendant was in effect restrained from being in his family home, was stopped from collecting any rents from the rental units of the parties and was restrained from using any of their bank accounts; further, he was paying plaintiff for her support and maintenance.

When the case was called for trial on April 5, 1960, according to an affidavit of defendant he was represented by the firm of Barsam and Leveque, Attorneys at Law, by Barsam. Defendant then knew that his wife had at first claimed all of the real property as her separate property, and that for over a year he had been practically eliminated from any connection with the properties. In such a setting the attorneys for the parties conferred and then went into the chambers of the judge with reference to the case. The defendant apparently was not immediately present at the talks between the lawyers, nor was he in the chambers of the judge. Both counsel talked at length with the plaintiff. Later in the morning defendant's

counsel came out of the courtroom to the hallway, where defendant was standing, and told defendant of plaintiff's offer of settlement, whereby defendant would receive less than 20 per cent of the community property, and plaintiff would receive more than 80 per cent of such property. Defendant's lawyers stated to him in part . . . "Well, you won't get any more if you take it into court, this is what the judge decided, and this is it." Nothing was said to the defendant to the effect that he might demand that the matter be heard in open court, and that he might have a decision by the judge based upon competent evidence introduced in open court. The defendant further stated in his affidavit that he was unaware of the problem of plaintiff's counsel in obtaining any offer whatsoever and that he was fully cognizant of plaintiff's stringent demands, and that he later learned that the plaintiff was furious at learning that the defendant would receive anything from the community assets.

The defendant, under such circumstances and climate, agreed with his counsel to withdraw his answer and cross-complaint and permit the matter to be heard as a default. The minute entry of April 5, 1960, recites as follows:

"After conference in chambers, counsel stipulate in open court as follows: answer and cross-complaint are deemed withdrawn and cause to proceed as a default hearing on the complaint; the division of community property and the payment of $250.00 additional attorneys' fees to plaintiff's attorneys; defendant to pay to plaintiff for her support the sum of $75.00 per month, payable $37.50 on the 1st and 15th days of each month commencing April 15, 1960; and to mutual restraining order. Both parties are present and agree to the stipulation. Defendant leaves the courtroom and his counsel remains.

"Plaintiff and Rose Kvammen are sworn and testify for plaintiff. INTERLOCUTORY JUDGMENT OF DIVORCE IS GRANTED PLAINTIFF. The settlement entered into in open court is incorporated and made a part of the decree. Counsel for plaintiff to prepare judgment which shall be *submitted to opposing counsel for approval*. Findings waived." (Emphasis added.)

The interlocutory decree of divorce was entered on April 25, 1960. Some time between April 5 and April 25, 1960, the defendant substituted attorneys, and on April 25, 1960, filed a notice of motion to vacate and set aside the interlocutory judgment of divorce. The notice was accompanied by an affidavit which set forth some of the matters heretofore set forth in this opinion, and further set forth:

"Affiant had then, and has now a valid cause of action for divorce based upon his cross-complaint, and a defense to the plaintiff's cause of action for divorce based upon her first amended complaint. However, by reason of being led to believe that it was useless to bring the matter into court, affiant was misled to conclude that he had no choice but to settle on the basis of an unfair and inequitable offer made by plaintiff, on the theory that the matter had been in fact decided, that this is what the judge had made up his mind to do with the community property, and that was the end of it."

And further: "That by reason of the foregoing, and the pleadings, records and files of this action, affiant prays that this court make an Order vacating and setting aside the Interlocutory Judgment of Divorce made on the 5th day of April, 1960, and restore the matter to the trial calendar, so that it may be determined upon its merits, as placed at issue by the Pre-Trial Order and properly decided, after a full hearing upon the evidence."

An affidavit of defendant's prospective corroborating witness stated in effect that she was present and heard what was said to the defendant by his then attorney, and that the defendant was unaware of the fact that he could have the matter heard and disposed of by the judge. No affidavit was filed by or in behalf of the plaintiff which in effect contradicted the contents of defendant's affidavits, nor was any affidavit filed in opposition to the motion, nor did any witness testify for the plaintiff at the hearing on the motion.

At the hearing plaintiff's counsel argued that the judge in another matter some months before had ruled against plaintiff's counsel, that such other matter appeared to said counsel to be comparable to the present situation and that therefore if the judge was to be consistent he would rule in plaintiff's favor in the present case. The judge indicated that such an argument was most unfair, and that he was not favorably impressed.

On May 2, 1960, the judge ordered that the motion of defendant to vacate the judgment be granted upon condition that defendant pay to plaintiff's attorneys $250 attorneys' fees for services rendered at the previous hearing, and at the hearing on the motion to vacate. On May 4, 1960, the defendant signed an affidavit of merits in support of the motion to vacate and set aside the default and the interlocutory judgment, and such affidavit was filed May 5, 1960.

Appellant now asserts that the defendant is bound by the

stipulation made in open court and that the judge committed prejudicial error in granting defendant's motion to vacate and set aside the judgment.

Appellant seems to be of the belief that the defendant's only remedy is to file an action against his attorney as of April 5, 1960. We do not agree with such philosophy.

It is clear in this case that the defendant entered into the stipulation under a misguided belief which goes to the very heart of the administration of justice. The defendant was told in effect that the judge had already made up his mind and that the lawsuit was over so far as he was concerned. Under the circumstances and being of defendant's mind, seeing what he saw, and knowing what he knew, what else was there for him to do but agree? It is not claimed by the plaintiff in any affidavit that the situation was not exactly as described by the defendant in his affidavit. The judge in this case did the proper thing by opening up the proceedings to the end that the whole case can be disposed of on the merits, and to the end that there could be no legitimate reason for litigant to believe that his case was decided behind closed doors in his absence and without witnesses or the benefit of evidence. The discretionary power conferred under section 473, Code of Civil Procedure, is ample to provide for the relief granted in this case.

Appellant also argues that defendant is estopped to institute a motion to vacate the judgment under the circumstances. It is noted that the interlocutory judgment was entered on April 25, 1960, and the motion to vacate was filed on the same date. It is difficult to ascertain how or in what manner the plaintiff changed her position to her detriment under the circumstances. In any event she gave no testimony with reference thereto, nor did she present any affidavit showing that she had proceeded in anywise to her detriment. In fact the contrary appears affirmatively.

Appellant further argues that there was no affidavit of merits filed at the time of the motion. The defendant did, however, make particular reference to his verified answer and his cross-complaint on file and in effect adopted the pleadings by reference thereto in the motion. Under the particular circumstances the absence, if there was an absence of such affidavit of merit, is not fatal. (*Daniels* v. *Daniels*, 136 Cal. App.2d 224, 228 [288 P.2d 910]; *Waybright* v. *Anderson*, 200 Cal. 374 [253 P. 148].

We think the statute should be liberally construed in a

situation such as is presented here. One who asserts an abuse of discretion has the burden of affirmatively establishing the abuse. The plaintiff in this case did not sustain her burden.

The order is affirmed.

Wood, P. J., and Lillie, J., concurred.