116 Cal.Rptr.2d 900 (2002)
96 Cal.App.4th 506
Andrew JAKUBOWSKY Plaintiff and Respondent,
v.
MCI TELECOMMUNICATIONS CORPORATION et al., Defendants and Appellants.
No. C035906.
Court of Appeal, Third District.
February 27, 2002.
Rehearing Granted March 25, 2002.
*901 Heller, Ehrman, White & McAuliffe, Patricia K. Gillette, Tracey K. Merwise, San Francisco, Greg J. Richardson, and Scott A. Berman San Francisco, for Defendants and Appellants.
Thea L. Offenbacher-Costa and John R. Hargreaves for Plaintiff and Respondent.
CALLAHAN, J.
Defendants MCI Telecommunications Corporation and its employee Joe Serrano (collectively MCI) obtained a summary judgment against plaintiff Andrew Jakubowsky in his lawsuit for wrongful discharge and defamation. Plaintiffs counsel failed to oppose or appear at the hearing on summary judgment. More than five months later, plaintiff applied for and was granted relief from the judgment pursuant to the mandatory attorney fault provision of Code of Civil Procedure section 473, *902 subdivision (b) (section 473(b)). (All further statutory references are to the Code of Civil Procedure.)
We will conclude that order was jurisdictionally defective in light of plaintiffs failure to comply with the mandatory requirement that an application for relief under section 473 be accompanied by a copy of the proposed pleading. We reverse.

BACKGROUND
This case began with a multi-count complaint filed by plaintiff against his former employer MCI and two of his supervisors[1] there. In a first amended complaint plaintiff, who was employed in MCFs Russian telecommunications department, alleged that he was ostensibly discharged for poor performance and sexual harassment of coworkers, but that these reasons were a pretext for age and disability discrimination.
After plaintiff conceded, in response to a demurrer, that many of his claims were time-barred, the remaining litigable causes of action were reduced to: wrongful termination based on alleged age and disability discrimination and defamation.
MCI had difficulty obtaining plaintiffs cooperation on discovery. Following numerous unsuccessful attempts to schedule his deposition, MCI obtained a court order compelling his attendance. Subsequently, MCI served plaintiff with a set of requests for admissions, which essentially asked him to admit that he had no factual basis to support any of his claims of age and disability discrimination or defamation. When the time for responding passed without verified responses on behalf of plaintiff, MCI moved for and obtained an order that the matters contained in its requests for admission be deemed admitted.
Armed with the deemed admissions, its own affidavits, and admissions obtained from plaintiffs own deposition, MCI moved for summary judgment, claiming that plaintiff had no evidentiary basis to support his causes of action for discrimination and defamation.
Plaintiff neither filed written opposition nor did he contest the tentative ruling granting summary judgment. On November 9, 1999, judgment was entered in favor of MCI and Joe Serrano and' against plaintiff.
On April 24, 2000, plaintiff filed an application for mandatory relief under section 473(b). The sole basis for the application was the affidavit of plaintiffs attorney, Thea L. Offenbacher-Costa. Ms. Offenbacher-Costa declared that "[MCI]'s summary judgment motion went unopposed due to my own neglect due to scheduling overload, and not due to any fault on the part of my client, . . ." Specifically, she cited being "overwhelmed" by four summary judgment motions on or around the same time period, a "highly-contested divorce action" which left her emotionally and physically stressed, plus "a quagmire of computer glitches, intervening family law compliance orders and ongoing stress-related colitis attacks," which left her unable either to calendar the motion or to file the necessary opposition papers.
MCI vigorously opposed the motion, asserting that Ms. Offenbacher-Costa's declaration was riddled with inconsistencies and unworthy of belief, that no copy of plaintiffs proposed opposition accompanied the motion, and that summary judgment *903 would have been granted regardless of whether plaintiff had filed opposition papers.
Notwithstanding these arguments, the trial judge (not the same judge who granted the original summary judgment) granted plaintiffs application and vacated the judgment. MCI appeals from that order.

APPEAL

I
Section 473(b) grants a court discretionary power "upon any terms as may be just," to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."
In 1991, the Legislature added a provision to section 473(b) prescribing mandatory relief to a defendant against whom a default was taken, where the default was caused by his or her attorney's inadvertence, mistake or neglect, regardless of whether the attorney's blunder was excusable. (Stats. 1991, ch. 1003, § 1, p. 4662; see Garcia v. Hejmadi (1997) 58 Cal. App.4th 674, 681-682, 68 Cal.Rptr.2d 228 (Garcia), Cisneros v. Vueve (1995) 37 Cal. App.4th 906, 909-910, 44 Cal.Rptr.2d 682.)[2]
In 1992, section 473(b)'s mandatory relief provision was extended to allow relief to a plaintiff suffering a "dismissal" attributable to attorney fault. The mandatory provision now states: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added; Stats. 1992, ch. 876, § 4, pp. 4071-4072.)
Under the mandatory relief provision of section 473(b) where there is an attorney's affidavit of fault, relief is required unless it is determined that the attorney was not actually the cause of default or dismissal. (Lorenz v. Commercial Acceptance Ins. Co. (1995) 40 Cal. App.4th 981, 989, 47 Cal.Rptr.2d 362.)
One precondition for obtaining relief under section 473(b) which has remained unchanged for decades has been the requirement that the "[application for relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted." (Italics added.)
We have no doubt the pleading attachment requirement is equally applicable to the mandatory provision of section 473 as to its discretionary counterpart. By inserting the phrase in the mandatory provision that the application for relief must be "in proper form" (§ 473(b)), the Legislature surely meant to incorporate the requirements applicable to all section 473 applications, including the proposed pleading requirement which appears in the same paragraph. (See also Garcia, supra, 58 Cal.App.4th at p. 681, 68 Cal.Rptr.2d *904 228 ["Relief can only be granted under the mandatory provision in section 473, subdivision (b), if relief could have been granted under the discretionary provision."].)
MCI contends that the court was without authority to grant relief under section 473(b), since plaintiff failed to accompany the motion with a copy of the proposed opposition papers. The point has merit.
"Words used in a statute or constitutional provision should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature...." (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735, 248 Cal.Rptr. 115, 755 P.2d 299.) There is a presumption that the word "shall" imposes a mandatory statutory directive, while "may" is permissive. (Common Cause v. Board of Supervisors (1989) 49 Cal.3d 432, 443, 261 Cal.Rptr. 574, 777 P.2d 610.)
The key question is whether the mandatory "shall" in the proposed pleading requirement set forth in section 473(b) is mandatory in the sense that lack of compliance deprives the court of jurisdiction to act or directory only, in which it does not. "As a general rule, . . . a `"directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' [Citation.] If the action is invalidated, the requirement will be termed 'mandatory.' If not, it is `directory' only." (California Correctional Peace Officers Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1145, 43 Cal.Rptr.2d 693, 899 P.2d 79, citing Morris v. County of Marin (1977) 18 Cal.3d 901, 908, 136 Cal.Rptr. 251, 559 P.2d 606.)
Here, the statute mandates that an application for section 473 relief "shall" be accompanied by a copy of the proposed pleading; "otherwise the application shall not be granted." (Italics added.) By designating a prescribed sanction or consequence for lack of compliance (i.e., denial of relief), we believe the Legislature expressed a clear intent to use "shall" in the jurisdictional sense. (See California Correctional Peace Officers Assn., supra, 10 Cal.4th at p. 1143, 43 Cal.Rptr.2d 693, 899 P.2d 79; Edwards v. Steele (1979) 25 Cal.3d 406, 410, 158 Cal.Rptr. 662, 599 P.2d 1365; Pulcifer v. County of Alameda (1946) 29 Cal.2d 258, 262, 175 P.2d 1.) Any other conclusion would render the phrase "otherwise the application shall not be granted" a meaningless appendage to the statute, a result which is disfavored in the law. (Horsemen's Benevolent & Protective Assn. v. Valley Racing Assn. (1992) 4 Cal.App.4th 1538, 1559, 6 Cal.Rptr.2d 698; see also Hogya v. Superior Court (1977) 75 Cal.App.3d 122, 134, 142 Cal. Rptr. 325 ["`"If to construe [`shall'] as directory would render it ineffective and meaningless it should not receive that construction." '"].) We therefore agree with Witkin that "[t]he [proposed pleading] requirement is clearly mandatory, and failure to comply necessarily results in a denial of relief. [Citations.]" (8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 183, p. 690.)
Cases interpreting the pleading requirement support our conclusion. The requirement was added to the statute in 1917. (Historical and Statutory Notes, 15 West's Ann.Code Civ. Proc. (1979 ed.) foll. § 473, pp. 96-97.) Early on, the California Supreme Court explained: "The plain object *905 of the provision was simply to require the delinquent party seeking leave to contest on the merits, to show his good faith and readiness to at once file his answer in the event that leave is granted by producing a copy of the proposed answer for the inspection of his adversary and the court. Substantial compliance with the provision of course requires such production in connection with the application for relief" (County of Los Angeles v. Lewis (1918) 179 Cal. 398, 400, 177 P. 154, italics added.)
Our courts have taken a no-nonsense approach to enforcement of the provision. In Bailiff v. Hildebrandt (1920) 47 Cal. App. 564, 191 P. 42, the Court of Appeal reversed an order granting section 473 relief on the sole ground that "no copy of any answer, or other pleading proposed to be filed, accompanied defendant's notice of motion, nor does the record anywhere show that any answer, or other pleading, was served upon the plaintiff or offered to the clerk for filing." (Bailiff, supra, at p. 567, 191 P. 42.)
In La Bonte & Ransom Co., Inc. v. Scellars (1928) 90 Cal.App. 183, 265 P. 550 the appellate court affirmed the lower court's denial of relief, in part because "[d]efendant did not accompany his motion to be relieved from the default with a copy of his answer or other pleading, nor did he propose to file with his motion or at all any answer or other pleading as required by [section 473(b) ].... This omission, in itself, is sufficient to require an affirmance of the order of the trial court." (Id. at p. 185, 265 P. 550, italics added.)
In Puryear v. Stanley (1985) 172 Cal. App.3d 291, 218 Cal.Rptr. 196 (Puryear) this court held that where a motion for relief from default was filed within the allotted six-month time frame but the proposed answer was not served until after that time period the trial court was without jurisdiction to grant relief. (Id. at p. 295, 218 Cal.Rptr. 196.)
More recently in Russell v. Trans Pacific Group (1993) 19 Cal.App.4th 1717, 24 Cal.Rptr.2d 274, we affirmed the trial court's refusal to grant section 473 relief to permit a defendant to file a motion for attorney fees, in part owing to its failure to attach a copy of the proposed motion "as section 473 plainly requires." (Russell, supra, at p. 1731, 24 Cal.Rptr.2d 274.)
Here, the trial court granted the application notwithstanding MCI's written and oral objection that a copy of the proposed opposition did not accompany plaintiffs motion to vacate the summary judgment. In doing so, the court exceeded its statutory authority.
Plaintiff attempts to circumvent the above authorities by invoking what he characterizes as a "well-recognized exception" to the proposed pleading requirement, i.e., where the default or dismissal "consists of a failure to take a step that does not require a pleading." (Underscoring and italics in original.) The sole case plaintiff cites as authority for this "well-recognized exception" is Freeman v. Goldberg (1961) 55 Cal.2d 622, 12 Cal.Rptr. 668, 361 P.2d 244 (Freeman). Freeman, however, stands for no such principle.
In Freeman, a prevailing defendant filed a cost bill which included attorney fees. The plaintiff filed and served a motion to tax costs claiming attorney fees were unauthorized, but the motion was not filed within five days after service of the cost memorandum, as required by statute. When defendant pointed out, at the hearing, that the motion to tax was not timely, the court denied it without explanation. (Freeman, supra, 55 Cal.2d at pp. 623-624, 12 Cal.Rptr. 668, 361 P.2d 244.) The plaintiff then moved, under section 473, to vacate the order denying the motion to tax costs. The application was supported by *906 affidavits explaining that the motion to tax was not filed on time due to counsel's inadvertence and possible nonfeasance on the part of the postal service. The defendant filed no counteraffidavits, and the motion was granted. (55 Cal.2d at pp. 624-625, 12 Cal.Rptr. 668, 361 P.2d 244.)
On appeal, the defendant contended the motion to vacate was defective because it was unaccompanied by a copy of the proposed motion to tax costs. The California Supreme Court responded: "The provision in section 473 that a motion made thereunder shall not be granted unless accompanied by a copy of `the answer or other pleading proposed to be filed therein' is meaningful where, as is commonly true, the judgment or order sought to be vacated has been entered because of the absence of a pleading. A different situation is presented here. Plaintiff made his motion to tax costs but not in time, and the effect of the order appealed from was to revive the motion. In these circumstances the trial court was not required to deny the motion to vacate because it was not accompanied by a copy of the motion to tax costs." (Freeman, supra, 55 Cal.2d at p. 625, 12 Cal.Rptr. 668, 361 P.2d 244, italics added.)
Freeman does not portend a judicially-created exception to the proposed pleading requirement. Indeed, the passage from Freeman demonstrates it not to be a case where the requirement was excused, but rather where it was satisfied by substantial compliance, since the moving papers were already on file with the clerk. Freeman therefore falls within an established line of cases permitting relief where the moving party has substantially complied with the proposed pleading requirement. (Estate of Parks (1962) 206 Cal.App.2d 623, 632, 24 Cal.Rptr. 250 [no need to attach copy of proposed objection to report of inheritance tax appraiser where substance of the objection was contained in the verified application and declaration]; Job v. Farrington (1989) 209 Cal.App.3d 338, 257 Cal.Rptr. 210 [motion to set aside default filed at the end of the six-month time limit, but proposed answer filed before the court hearing; relief affirmed on grounds of substantial compliance]; Sousa v. Capital Co. (1963) 220 Cal.App.2d 744, 760-761, 34 Cal.Rptr. 71, and County of Stanislaus v. Johnson (1996) 43 Cal. App.4th 832, 51 Cal.Rptr.2d 73 [error in failing to file proposed pleading was remedied by filing it prior to the hearing on the motion].) None of these cases has any bearing because here there was undisputedly no compliance whatever with the proposed pleading provision of section 473.
Plaintiffs failure to include a copy of his proposed opposition was not a mere pro forma technical omission. As the order granting summary judgment indicated, the matters which had been deemed admitted under the force of the court's previous order eliminated the factual basis for plaintiffs allegations, thereby dooming his remaining causes of action. Plaintiffs application to vacate the summary judgment was conspicuously silent as to how plaintiff proposed to circumvent the effect of such admissions.[3]
*907 The purpose behind the proposed pleading requirement is to compel the delinquent party to demonstrate his good faith and readiness to proceed on the merits. (Job v. Farrington, supra, 209 Cal. App.3d at p. 341, 257 Cal.Rptr. 210, citing County of Los Angeles v. Lewis, supra, 179 Cal. at p. 400, 177 P. 154.) The requirement thus helps ensure that courts do not become "`"a sanctuary for chronic procrastination and irresponsibility on the part of either litigants or their attorneys,"'" and supports "`policies [which] favor getting cases to trial on time, avoiding unnecessary and prejudicial delay, and preventing litigants from playing fast and loose with the pertinent legal rules and procedures.'" (Iott v. Franklin (1988) 206 Cal.App.3d 521, 531, 253 Cal.Rptr. 635, citing Gardner v. Superior Court (1986) 182 Cal.App.3d 335, 339, 227 Cal.Rptr. 78.)
Because plaintiff failed to tender a copy of his proposed opposition, the court was left without a basis for concluding that the motion to vacate the judgment was anything but a delaying tactic and/or a hopeless effort to forestall the inevitable.
We conclude that the compliance with the proposed pleading provision is just as much a prerequisite to granting relief under section 473(b) as the six-month time frame or the requirement that the attorney's neglect or mistake be the actual cause of the default; that the requirement is mandatory and jurisdictional; and that plaintiffs lack of compliance renders the court's order fatally defective.
We are aware that orders vacating dismissal under the attorney fault provision of section 473 are generally reviewed for abuse of discretion. (Todd v. Thrifty Corp. (1995) 34 Cal.App.4th 986, 990, 40 Cal.Rptr.2d 727.) That doctrine is not applicable here, however, because the court had no power to act on plaintiffs motion other than to deny it. (See Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410, 68 Cal.Rptr.2d 708; Vasquez v. Vasquez (1952) 109 Cal.App.2d 280, 283, 240 P.2d 319.)

II
As a separate, independent ground for our ruling, we hold that plaintiff was not entitled to relief under section 473(b)'s mandatory provision because, for the reasons stated in this court's recent decision in English v. IKON Business Solutions, Inc. (2001) 94 Cal.App.4th 130, 114 Cal. Rptr.2d 93 (review den. Feb. 13, 2002), a summary judgment does not qualify as a "default," "default judgment," or "dismissal" within the meaning of the statute.

DISPOSITION
The order granting plaintiffs motion to vacate summary judgment is reversed. Defendants shall recover their costs.
I concur: MORRISON, J.
NICHOLSON, Acting P.J.
I concur in the result reached by the majority because Code of Civil Procedure section 473, subdivision (b), does not authorize a trial court to vacate summary judgment based on attorney mistake, inadvertence, surprise, or neglect. (English v. IKON Business Solutions, Inc. (2001) 94 Cal.App.4th 130, 149, 114 Cal.Rptr.2d 93.) Here, plaintiffs failure to respond to the summary judgment motion was due solely to attorney neglect. Accordingly, in my view, it is unnecessary to determine whether a motion for relief under Code of *908 Civil Procedure section 473, subdivision (b), must be accompanied by a copy of the proposed pleading.
NOTES
[1] The two individual defendants were Joe Serrano and Jacquline LaBou. There is no indication in the record that LaBou was ever served or made an appearance. Serrano answered and remains a party to this suit.
[2] In the trial court, plaintiff's application was strictly limited to the mandatory relief provision of section 473. Since the court was never called upon to grant discretionary relief, we have no occasion to review the order for error under the discretionary provision of section 473.
[3] Deemed admissions were not the only problem for plaintiff. MCI's moving papers were accompanied by relevant deposition excerpts containing damaging statements from plaintiff's own mouth: for example, he conceded that his alleged disabilities, post-traumatic stress syndrome and a back condition, did not affect his ability to perform at work, and he was unable to offer any evidence to support his claim that MCI made defamatory statements about him other than hearsay from unnamed sources and his own suspicions. MCI also included documentation showing that plaintiff was terminated following warnings about deficiencies in his performance and improper conduct toward coworkers. Plaintiff's failure to include a copy of his proposed opposition left the court and his adversary completely in the dark as to how any of these formidable obstacles could be overcome.