[L. A. No. 5610. In Bank.—December 13, 1918.]

## COUNTY OF LOS ANGELES et al., Appellants, v. WALTER A. LEWIS et al., Respondents.

PLEADING—RELIEF FROM DEFAULT—ACCOMPANIMENT OF COPY OF PLEADING WITH APPLICATION—CONSTRUCTION OF AMENDMENT TO SECTION 473, CODE OF CIVIL PROCEDURE.—An application under section 473 of the Code of Civil Procedure to set aside a default upon the ground of mistake, inadvertence, and excusable neglect is "accompanied" with a copy of the answer proposed to be filed, within the meaning of the amendment of 1917 to such section, providing that the application must be accompanied with a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, where the proposed answer was served (by delivery of copy) on the adverse parties two days before the giving of notice of the application, and thereupon offered for filing and left in the custody of the clerk.

ID.—LIBERAL CONSTRUCTION OF AMENDMENT.—The amendment of 1917 to section 473 of the Code of Civil Procedure, like the remainder of the section, must be liberally construed with a view to substantial justice.

Id.—Granting Relief—Discretion—Appeal.—The appellate court will not disturb the action of the trial court on applications for relief under section 473 of the Code of Civil Procedure, except in a very plain case of abuse of discretion, especially where the relief is granted and the application therefor promptly made.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a default. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, and David F. Faries, Deputy County Counsel, for Appellants.

Geo. L. Sanders, for Respondent Walter A. Lewis.

ANGELLOTTI, C. J.—This is an appeal by plaintiffs from an order granting the motion of defendant Lewis to set aside his default entered for his failure to plead within the time allowed therefor by law.

By the same order the court vacated the judgment entered upon the default on the day that notice of the motion was filed, although neither the notice of motion nor the motion itself asked for such relief. We agree with the district court of appeal of the second appellate district, that if the default was properly set aside, there no longer existed any basis for the judgment, and the court was warranted in setting aside the same.

The motion was one under section 473 of the Code of Civil Procedure, and in substance one upon the ground of mistake, inadvertence, and excusable neglect. Summons was served in the action on February 1, 1918, and the last day for Lewis to plead was February 11, 1918. The default of Lewis was entered on February 13, 1918. On the last-named day, subsequent to the entry of the default, he served his answer on the plaintiffs and offered the same to the clerk of the court for filing. It was not filed, but the clerk has ever since had it in his custody. No denial as to any of these matters is contained in the counter-affidavit filed by plaintiffs on this motion. On February 15th, notice of the motion to set aside the default was served and the same, being heard on February 18th, was thereupon granted.

The notice of motion stated that it would be based upon "said answer and the affidavits attached hereto," but no copy of the answer was served with such notice. Section 473 of the Code of Civil Procedure, as amended in 1917, [Stats. 1917, p. 242], provides that such an application as was here made "must be accompanied with a copy of the answer, or other pleading proposed to be filed therein, otherwise said application shall not be granted." The principal point made on this appeal is that this application was not "accompanied" by a copy of the answer, within the meaning of this provision, and, therefore, that it was error to grant it. We think that, in view of the facts stated, the application was in substance and effect so accompanied, and that to hold otherwise would be to deny Lewis' right to a hearing on the merits by an unnecessarily strict construction of the provision. The plain object of the provision was simply to require the delinquent party seeking leave to contest on the merits, to show his good faith and readiness to at once file his answer in the event that leave is granted by producing a copy of the proposed answer for the inspection of his adversary and the court. Substantial compliance with the provision of course requires such production in connection with the application for relief. Here admittedly the proposed answer was served (by delivery of copy) on the adverse parties two days before the giving of the notice of motion, and thereupon offered for filing and left in the custody of the clerk. The notice of motion showed that this was the answer that Lewis desired to file and that the motion would be based in part upon the same, and the affidavit of Lewis, a copy of which was served with the notice of motion, showed that the answer desired to be filed was the one served and offered for filing on February 15, 1918, which had ever since that date been in the custody of the clerk. The provision of section 473 of the Code of Civil Procedure, here involved, like the remainder of the section, must be liberally construed with a view to substantial justice, and we are of the opinion that it must be held that, in view of the facts stated, the application for relief was "accompanied" with a copy of the answer proposed to be filed.

The record on appeal prepared under section 953a et seq., of the Code of Civil Procedure, at the request of the plaintiffs, and stipulated as correct by counsel and settled by the trial judge, does not contain a copy of the proposed answer. There

is nothing, however, in the order granting the motion or in such record excluding the idea that the proposed answer, which admittedly had been served and offered for filing and was in the custody of the clerk, was brought to the attention of and considered by the court, as the notice of motion indicated it would be, and we think that in support of the action of the court it must be so assumed. We think, likewise, that in support of the action of the court, it must here be assumed that such answer stated a good defense on the merits.

We have considered plaintiff's contention that the matters shown in support of the claim that Lewis should be relieved from his default did not make a sufficient case for relief to warrant the action of the court, and have concluded that it may not fairly be held that the learned judge of the superior court was guilty of an abuse of the discretion committed to him in determining that a sufficient case was made to authorize the relief sought. It is only in a very plain case of abuse of discretion that this court will disturb the action of the trial court in a matter of this character, especially where the relief is granted and the application therefor is made as promptly as it was in this case.

In view of what has been said, no other point made requires notice.

The order is affirmed.

Wilbur, J., Sloss, J., Melvin, J., Richards, J., *pro tem.*, and Lorigan, J., concurred.