HILLIARD, J.
This is an appeal from an order granting motion to set aside entry of default and default judgment by the clerk.
On March 21, 1960, and upon request of counsel for plaintiff, the clerk of the trial court entered default of defendant. Thereafter, on May 31, 1960, judgment by default by clerk was entered in favor of plaintiff and against defendant in the sum of $2,395 plus costs of $16.
On September 15, 1960, defendant filed notice of motion under Code of Civil Procedure section 473 to set aside default and default judgment, and such notice was accompanied by declaration in support of motion and points and authorities. Although the judgment roll upon appeal does not include any proposed answer or other pleading, which is a mandatory requirement under Code of Civil Procedure, section 473, the notice of motion recites that a demurrer and answer are “herewith served.” Under similar and well-established principles this court must indulge in every presumption which favors the propriety and regularity of proceedings in the trial court. In addition, we note that appellant does not contend that the notice of motion is defective in this respect.
Hearing upon the motion was noticed for September 30, 1960, and, on that date, the trial court ordered the motion submitted for ruling. Thereafter, on October 14, 1960, the following entry was made:
“Motion to set aside Default Judgment reopened on Court’s own motion. Defendant to submit affidavit or declaration under penalty of perjury setting forth the date when he discovered the Default Judgment and submitted to court on or before October 27, 1960 and the Plaintiff may, if he is so advised, submit a counter affidavit or counter declaration on or before November 9, 1960.”
On October 27, 1960, a “Supplemental Declaration” of defendant was filed. This was followed by order of November 14, 1960, setting aside the default and default judgment.
It is appellant’s position that (1) the original affidavit in support of the motion was fatally defective in failing to disclose the date when respondent discovered that default had been entered, and in failing to set forth facts showing diligence in giving notice of motion; and (2) that the action of the trial court in “reopening” the motion after expiration of the six months’ period and permitting the filing of supple *Supp. 878 mental declaration was, in effect, allowing the filing of a new motion to vacate after expiration of the statutory jurisdictional period; that the court then had no jurisdiction to rule upon the motion.
Before further discussing the contentions of appellant, we should note our opinion that the entry of default judgment by the clerk upon the Second Cause of Action in the Complaint was not authorized under the provisions, of Code of Civil Procedure section 585, subdivision 1. This cause of action alleges the sale by plaintiff to defendant of a 50 per cent interest in a certain café, in consideration of “a 10 per cent interest in the net profits of said café, a VAC Tractor and ten tons of hay”; that “On information and belief” the net profits were $300, the tractor reasonably worth $1,500, and market value of the hay was $300; that the defendant failed and refused to pay over and deliver any of said items.
The authority of the clerk to enter default judgments is limited to “an action arising upon contract for the recovery of money or damages” (Code Civ. Proc., § 585, subd. 1), and may be exercised only where there is a contract from which it appears that a defined or liquidated sum of money is to be paid, or where the sum to be paid is a matter of mere mathematical computation (Miller v. F. M. W. Drilling Co., 140 Cal.App.2d 728 [295 P.2d 412]). When the taking of evidence, or exercising of judicial discretion is necessary, then the judgment must be by the court under Code of Civil Procedure, section 585, subdivision 2, and after the taking of an account or proof of any fact deemed necessary by the court to support the cause of action (Lynch v. Bencini, 17 Cal.2d 521 [110 P,2d 662]). To the extent that the default judgment is based upon the second cause of action it is void as the unauthorized act of the clerk (Baird v. Smith, 216 Cal. 408 [14 P.2d 749]; Farrar v. Steenbergh, 173 Cal. 94 [159 P. 707]; 2 Witkin, California Procedure, p. 1697).
The action of the trial court in setting aside the default and default judgment is discretionary, and a reviewing court will not interfere except upon a showing that such discretion has been abused (Freeman v. Goldberg, 55 Cal.2d 622 [12 Cal.Rptr. 668, 361 P.2d 244]; Davis v. Davis, 185 Cal.App.2d 788 [8 Cal.Rptr. 874]; Johns v. Curry, 189 Cal.App.2d 94 [10 Cal.Rptr. 882]; Williams v. Bronston, 190 Cal.App.2d 812 [12 Cal.Rptr. 463]).
Appellant’s contentions, upon this appeal, are primarily founded upon his theory that the trial court acted without *Supp. 879 jurisdiction in granting of the motion under the circumstances hereinbefore discussed. Respondent urges that assuming, arguendo, the original declaration was insufficient, the trial court was vested with jurisdiction upon filing of the notice of motion, and its subsequent action in “reopening” the motion to permit filing of supplemental affidavits did not affect such status at the time of original filing.
“Code of Civil Procedure § 473 does not specify the required documents for setting aside a default. But it is clear by judicial decision that the conventional motion procedure should be followed by the defendant. See 3 Within, California Procedure, 2109. These are:
“(a) Notice of motion;
“(b) Declaration or affidavit showing a good excuse for default and a memorandum of points and authorities in support of motion;
“(c) Additional declaration or affidavit of merits or pleading showing a meritorious defense ;
“(d) A copy of the answer or other pleading proposed to be filed in the action;
“(e) Memorandum of points and authorities;
“(f) Proof of service or certificate of service; and
“ (g) Order.” Page 797, Continuing Education of the Bar, California Civil Procedure Before Trial.
To the extent that the judgment was void as to the second cause of action, no affidavit of merits or declaration was necessary in support of the motion (Montgomery v. Norman, 120 Cal.App.2d 855 [262 P.2d 360]).
The rule in this state clearly establishes the requirement that the party seeking relief from entry of default or default judgment must show, by affidavit or testimony, that he acted diligently (Benjamin v. Dalmo Mfg. Co., 31 Cal.2d 523 [190 P.2d 593]) or else it is said the trial court has abused its discretion in granting the motion, since it had no basis for the exercise of such discretion. The issue thus clearly presented to us on this appeal is whether the failure to file affidavits in support of the motion until after expiration of the six months’ period, and the disclosing for the first time the date of discovery of entry of default, is a fatal defect depriving the court of the power and jurisdiction to hear and consider the motion. We think the question must be answered in the negative. Corollary to such question is the nature of the action of the trial court in “reopening” the motion to permit filing of supplemental affidavits after *Supp. 880 expiration of the six months’ period. In urging that such action was an unwarranted extension of the six months’ period, counsel for appellant relies upon the case of Carver v. Platt, 179 Cal.App.2d 140 [3 Cal.Rptr. 687]. That case is to be distinguished from the factual situation now engaging our attention, since there had been a denial of the original motion, and the second motion made after the six months’ period (to reconsider the ruling upon the original motion) was a new motion to vacate the judgment. As noted by the court in the Carver case, supra (p. 144), “Since the second motion for relief was made after the prescribed period had expired, the court was without jurisdiction to act.”
The notice of motion under Code of Civil Procedure section 1005.5 “is deemed to have been made and to be pending before the court for all purposes,” and the doctrine enunciated in the case of Roseborough v. Campbell, 46 Cal.App.2d 257 [115 P.2d 839], and Marston v. Rood, 62 Cal.App.2d 435 [144 P.2d 863], appears to be determinative of the issues presented by this appeal. In the Roseborough case, supra, the court held [p. 261] :
“The only requirements in such a case, in order to give the court jurisdiction to act, are that application for relief be actually presented to the court and called to its attention within the time prescribed and that the application be accompanied by a copy of the proposed answer. These requirements were here complied with and the court had jurisdiction to consider and pass upon the application after the expiration of the six months’ period. The form and manner of the proof that was necessary was then subject to rules of law other than those set forth in section 473, and the trial court had a reasonable discretion in that connection.”
[P. 262] “The court could have received oral evidence which had not accompanied the original application had it desired, and there is no reason why it could not receive and consider additional affidavits.”
For the reasons herein stated we conclude that the trial court had jurisdiction to consider the supplemental affidavits and rule upon the motion after expiration of the six months’ period. There is no showing that the court abused its discretion in granting of the motion. The order setting aside the default and default judgment is affirmed.
Mitchell, P. J., and Curtis, J., concurred.