[Civ. No. 24773. Third Dist. Sept. 19, 1985.]

GERTRUDE N. PURYEAR, Plaintiff and Respondent, v.
MARK STANLEY, Defendant and Appellant.

COUNSEL

Mark A. Pruner for Defendant and Appellant.

Gilbert & Porter and Roy A. Gilbert for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Defendant Mark Stanley appeals from an order denying his motion to set aside a default and default judgment. The motion was noticed within six months of entry of default but was defective in that it was unaccompanied by a proposed answer or other responsive pleading as required by Code of Civil Procedure section 473. The single issue

on appeal is whether that defect may be cured after the six-month period has expired within which such motions must be brought. We hold that it may not.

On August 19, 1981, plaintiff filed a verified complaint alleging that defendant, a licensed real estate broker, by fraud and negligent misrepresentations had induced plaintiff to sell certain real property. Defendant was personally served with summons and complaint on August 29, 1981. On January 27, 1984, plaintiff filed a request for entry of default. Default was entered on February 8, 1984, and default judgment was entered on February 15, 1984.

On July 26, 1984, defendant noticed for hearing on August 23, 1984, a motion to set aside the default and default judgment. The motion was made pursuant to Code of Civil Procedure section 473, but no proposed answer or other responsive pleading accompanied the notice. A proposed answer was later served on plaintiff on August 22, and was received by the superior court on August 23, 1984, the date the motion was heard by the court.

On November 21, 1984, the superior court denied the motion to set aside the default and default judgment, concluding that the failure to submit a proposed answer or other pleading within six months of the date of entry of the default judgment precluded relief under section 473.

Code of Civil Procedure section 473 provides that the "court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertance, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken; . . ."

■ "When application is not made within the six-month period the court is without jurisdiction to grant relief from a judgment . . . . [Citation.]" (*Carver* v. *Platt* (1960) 179 Cal.App.2d 140, 143 [3 Cal.Rptr. 687].) ■ Furthermore, " '[b]efore the trial court can be called upon to exercise its discretion in relieving from a default judgment, . . . the party in default must show not only a good excuse for his default, but also, that he has a meritorious defense to the action.' " (*Lynch* v. *Spilman* (1967) 67 Cal.2d 251, 256 [62 Cal.Rptr. 12, 431 P.2d 636], quoting *Beard* v. *Beard* (1940) 16 Cal.2d 645, 648 [107 P.2d 385].) "The requirement that a . . . pleading accompany the application for relief or that one be on file is mandatory,

and failure to comply necessarily results in denial of relief." (*Daniels* v. *Daniels* (1955) 136 Cal.App.2d 224, 228 [288 P.2d 910].)

■ An application for relief from default is deemed to have been made when notice of the motion for such relief is filed. (*First Small Business Inv. Co.* v. *Sistim, Inc.* (1970) 12 Cal.App.3d 645, 648 [90 Cal.Rptr. 798].) ■ Defendant's notice of motion to set aside default and default judgment was filed on July 26, 1984, within six months of the entry of default and default judgment. However, the proposed answer was not served on plaintiff or received by the court until after the six months had expired.

Construing section 473 "liberally with a view to substantial compliance," the Supreme Court has interpreted the term "accompanied" to permit consideration of the merits of a motion for relief from default when the proposed answer was served on the adverse party and submitted to the trial court two days before service of the motion. (*County of Los Angeles* v. *Lewis* (1918) 179 Cal. 398 [177 P. 154].) Substantial compliance with section 473 has also been found when the motion to set aside default was accompanied by a motion for an order continuing time within which to plead, and the proposed answer was filed before hearing on the motion to set aside default. (*Sousa* v. *Capital Co.* (1963) 220 Cal.App.2d 744, 759-761 [34 Cal.Rptr. 71].)

Here, defendant's motion to set aside the default and default judgment stated that the answer was attached to the motion and that the answer would be presented as a supplement to the motion. However, the six-month period in which the motion could be made expired prior to the superior court's receipt of the proposed answer. The instant case is thus distinguishable from both *County of Los Angeles* and *Sousa*. In neither of those cases did the court authorize submission of the proposed pleading after expiration of the six-month period. In *County of Los Angeles,* the proposed answer was offered for filing on the day default was entered and relief was granted five days after entry of default. (*County of Los Angeles* v. *Lewis, supra,* 179 Cal. at p. 399.) In *Sousa,* the proposed answer was presented before hearing on the motion but whether or not that was within the six-month period does not appear. (*Sousa* v. *Capital Co., supra,* 220 Cal.App.2d at pp. 759-761.)

*Gray* v. *Laufenberger* (1961) 195 Cal.App.2d Supp. 875 [15 Cal.Rptr. 813], is of no assistance to defendant. There the notice of motion for relief from default was timely and was accompanied by a proposed answer. After the six months expired but before hearing the court permitted the defendant to file affidavits in support of the motion. The appellate court rejected the plaintiff's contention the motion was untimely stating: " 'The only requirements in such a case, in order to give the court jurisdiction to act, are that

application for relief be actually presented to the court and called to its attention within the time prescribed and that the application be accompanied by a copy of the proposed answer. These requirements were here complied with and the court had jurisdiction to consider and pass upon the application after the expiration of the six months' period. The form and manner of the proof that was necessary was then subject to rules of law other than those set forth in section 473, and the trial court had a reasonable discretion in that connection.'

"[P. 262] 'The court could have received oral evidence which had not accompanied the original application had it desired, and there is no reason why it could not receive and consider additional affidavits.'" (*Gray* v. *Laufenberger, supra,* 195 Cal.App.2d Supp. at p. 880, quoting from *Roseborough* v. *Campbell* [1941] 46 Cal.App.2d 257, at pp. 261-262 [115 P.2d 839].)

We decline to extend the concept of "substantial compliance" to embrace the present circumstances. To do so would distort the express directive of section 473 that a motion for relief from default "be accompanied" by an answer or other proposed pleading and be submitted to the trial court within six months of entry of default. Since defendant failed to submit his proposed answer within that period, the trial court correctly determined that it was without jurisdiction to grant relief. (See *Carver* v. *Platt, supra,* 179 Cal.App.2d at p. 143.)

The judgment (order) is affirmed.

Evans, J., and Blease, J., concurred.