[Nos. B020455, B023866. Second Dist., Div. Six. Apr. 3, 1989.]

■RICHARD E. JOB, Plaintiff and Respondent, v.
RON FARRINGTON, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

† Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. The portion to be published follows.

**COUNSEL**

Haight, Brown & Bonesteel, Roy G. Weatherup, Kenneth C. Byrne, Ogle, Gallo & Merzon and Ray A. Gallo for Defendant and Appellant.

Suzanne De Rosa for Plaintiff and Respondent.

**OPINION**

**ABBE, J.**—Ron Farrington appeals from an order denying his motion to set aside his default and from the default judgment entered against him. We reverse and remand.

On October 24, 1983, Job filed a complaint against his former son-in-law, Jay Williams, and many others, including Farrington. The essence of the lengthy complaint is that Williams made fraudulent representations to Job to induce him into guaranteeing several lines of credit extended to Williams's business of buying and selling cattle. It is alleged that Williams then manipulated those lines of credit as part of a conspiracy to obtain funds from them for the unauthorized business and personal use of himself and others, including Farrington.

Farrington was served with summons and complaint on October 29, 1983. Upon Job's request, the clerk entered Farrington's default on July 29,

1985. The court hearing on the default was held on November 5 and Job obtained his judgment against Farrington.

On January 27, 1986, within six months from the date the default was entered, Farrington filed a motion pursuant to Code of Civil Procedure section 473 to set aside the default and the default judgment. The motion was supported by a declaration and points and authorities. No proposed answer or other pleading accompanied the motion. The motion was set for hearing on March 7. Prior to the hearing, Job and Farrington both filed points and authorities and declarations in support of and in opposition to the motion. Farrington also filed a proposed answer prior to the court hearing date but more than six months after the default was entered.

On March 7 the court denied the motion on the ground that it had no jurisdiction to consider the matter. We reverse and remand.

Section 473 provides, in pertinent part, that applications for relief under that section, ". . . must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken . . . ."

In *County of Los Angeles* v. *Lewis* (1918) 179 Cal 398 [177 P. 154] the Supreme Court held section 473 should be construed "liberally with a view to substantial compliance." It permitted consideration of the merits of a motion under that section when the proposed answer did not accompany the motion but was served on the adverse party and submitted to the trial court two days before the service of the motion.

Substantial compliance with section 473 was found even though the motion was not accompanied by a proposed answer but was filed before the hearing on the motion. (*Sousa* v. *Capital Co.* (1963) 220 Cal.App.2d 744, 759-761 [34 Cal.Rptr. 71].) The motion to set aside default in *Sousa* was acompanied by a "motion for order continuing time within which to plead." It does not appear that the motion for order continuing time to plead was ever ruled upon and the appellate court found it was not a pleading. It cannot be determined in *Sousa* whether the proposed answer was filed within the six-month period.

Here the motion to set aside default was filed at the end of the six-month time limit set forth in the section 473. The proposed answer was filed just after the six-month period had elapsed but before the court hearing.

In similar circumstances, the appellate court in *Puryear* v. *Stanley* (1985) 172 Cal.App.3d 291 [218 Cal.Rptr. 196], sustained the trial court's determi-

nation that it was without jurisdiction to grant relief when the motion was made within the six-month period but the proposed answer was filed after that period expired but before a court hearing. The trial court here properly held it was bound by the *Puryear* ruling. We disagree with *Puryear.*

The Supreme Court in *County of Los Angeles* v. *Lewis, supra,* 179 Cal. at page 400 stated: "The plain object of the provision was simply to require the delinquent party seeking leave to contest on the merits, to show his good faith and readiness to at once file his answer in the event that leave is granted by producing a copy of the proposed answer for the inspection of his adversary and the court. . . ." The moving party may not file an answer until the court has ruled on the motion for relief. We hold the Supreme Court concept of "substantial compliance" extends to the situation presented by the facts of this case.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .*

The orders denying Farrington relief in his motions to set aside default are reversed and remanded for further hearing. The judgment entered against him is vacated.

We reverse and remand. Each party to bear their own costs.

Stone (S. J.), P. J., and Gilbert, J., concurred.

---

*See footnote, *ante,* page 338.