[No. F022562. Fifth Dist. Mar. 18, 1996.]

COUNTY OF STANISLAUS, Plaintiff and Appellant, v.
NORVAL DEAN JOHNSON, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and M. J. Hamilton, Deputy Attorneys General, for Plaintiff and Appellant.

E. F. Cash-Dudley for Defendant and Respondent.

OPINION

VARTABEDIAN, J.—This is an appeal from an order vacating a default and default judgment pursuant to Code of Civil Procedure section 473.[1] ▮ The order is appealable as an order after final judgment. (*Elsea* v. *Saberi* (1992) 4 Cal.App.4th 625, 628 [5 Cal.Rptr.2d 742].) We affirm.

## Facts and Procedural History[2]

Respondent Norval Dean Johnson (Johnson) is the father of Sarah, who was a minor at the relevant times. Sarah was placed in a group home, and appellant County of Stanislaus (County) sued Johnson to recover child support for Sarah. (County of Stanislaus v. Johnson (Super. Ct. Stanislaus County, No. 270571).) On April 20, 1992, Johnson entered into a stipulation for judgment in that case and judgment was entered on April 27, 1992.

While living in the group home, Sarah became pregnant. Beginning March 23, 1992, she received Aid to Families With Dependent Children (AFDC), although it is not clear from our record whether she received a grant for herself and her child or for the child alone. According to Johnson, Sarah returned to his home during the relevant period and received AFDC for her child only.

In any event, County sought another child support order against Johnson. It filed the present action on June 8, 1992. Johnson was served on July 21, 1993; he thought the new summons and complaint (with a caption identical to the earlier action except for a different superior court case number) had something to do with the earlier action. He called the district attorney's office to inquire what the new papers meant. He was informed that the district attorney's records showed he was represented by counsel (apparently based on the previous case), and that the district attorney's representatives could not talk to him directly. Johnson then disregarded the summons and complaint.

County requested entry of a default. The clerk of the court, on October 13, 1993, entered a default. On October 19, 1993, Commissioner Meredith entered judgment against Johnson and ordered an assignment of wages. (Requirements and procedures for support hearings initiated by the district attorney are set forth in section 640.1.)

---

[1] All further statutory references are to this code.

[2] This statement of facts is taken from declarations and representations contained in the record before us. To the extent that some of the matters stated herein are controverted by either party, that factual controversy is to be resolved upon trial on the merits in the court below. Our statement of facts does not resolve disputed facts, but merely provides a context for the discussion that follows.

On December 17, 1993, Johnson, by his present counsel, filed a notice of motion to set aside the judgment. The hearing was scheduled for February 14, 1994. The notice of motion was accompanied by Johnson's declaration under penalty of perjury that requested "the court determine whether or not it is necessary for me to pay child support for my minor child who is receiving AFDC because she has a minor child." There was no proposed answer accompanying the notice of motion. On January 6, 1994, County filed an opposition to the motion. The opposition contended the motion was defective *because it was not accompanied by points and authorities* and it contended Johnson should lose on the merits of the motion.

On February 14, 1994, the motion was continued at Johnson's request. On March 30, 1994, it was continued at County's request because the deputy district attorney was engaged in a criminal trial. When the hearing finally took place on May 5, 1994 (about six months and three weeks after entry of the default) before Commissioner Meredith, County for the first time contended that Johnson had not filed a proposed answer as required by section 473. It contended that the court therefore was "without jurisdiction to grant the motion." Over County's objection, the commissioner granted Johnson's attorney a continuance "to deal with her pleadings problem." The matter was reset for June 16, 1994. (County sought review of this order by the superior court, and the order was confirmed on May 23, 1994.)

On May 27, 1994, Johnson filed a proposed answer. He contended Sarah lived with him "part of this time" and that she "did not received AFDC for herself, only the child."

On June 16, 1994, the matter was heard by Commissioner Meredith. County declined to stipulate to the commissioner as a temporary judge. County again objected to Johnson's failure to file an answer with the motion. The commissioner issued a recommendation that the motion for relief from default be granted. County failed to appear at the review hearing on August 1, 1994.[3] The court adopted the recommendation. (§ 640.1, subds. (c), (d).) A written order was filed August 24, 1994.

County filed its timely notice of appeal on October 24, 1994.

---

[3]County did not file written objections to the commissioner's recommendation and it failed to appear at the review hearing to present oral objections. (See § 640.1, subd. (d).) Section 640.1, subdivision (f), provides that if a party fails to object to the recommendation of the commissioner at the time of the superior court hearing, "the court shall adopt the recommended order, unless it modifies it on its own motion, consistent with the interests of justice, . . ." Johnson does not contend County has waived its objection to the commissioner's recommendation. Because neither party has addressed the issue of waiver, we do not consider that issue.

## Discussion

■ County contends the trial court was without jurisdiction to grant Johnson's section 473 motion because Johnson failed to timely file a proposed answer in connection with his motion. Section 473 provides, in part: "Application for this relief shall be accompanied by a copy of the answer . . . proposed to be filed therein, otherwise the application shall not be granted, . . ." As County argues, *Puryear* v. *Stanley* (1985) 172 Cal.App.3d 291 [218 Cal.Rptr. 196] supports its position.[4]

Johnson argues he substantially complied with section 473 and that his error in failing to file a proposed answer was remedied, with no prejudice to County, prior to the hearing on the section 473 motion. He says failure to file the answer within six months after entry of default was not jurisdictional. As Johnson argues, *Job* v. *Farrington* (1989) 209 Cal.App.3d 338 [257 Cal.Rptr. 210] supports his position.

Section 473 permits relief from default and default judgment resulting from a party's "mistake, inadvertence, surprise, or excusable neglect." Application for relief from default and default judgment "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." As noted above, section 473 requires that the moving party's proposed answer "accompany" the application for relief.

In *County of Los Angeles* v. *Lewis* (1918) 179 Cal. 398 [177 P. 154], default was entered against the defendant two days after his time to answer expired. The same day the default was entered, the defendant served and tried to file his answer. The clerk would not file the answer but retained it in his custody. The defendant filed a motion for relief from default, which recited that his proposed answer was "attached hereto." No copy was attached and defendant sought to rely on the previously served answer to fulfill the requirements of section 473. The trial court granted relief, the Court of Appeal affirmed, and the plaintiff sought review in the Supreme Court. In affirming the lower courts, the Supreme Court stated: "The principal point made on this appeal is that [defendant's] application was not 'accompanied' by a copy of the answer, within the meaning of [section 473], and, therefore, that it was error to grant it. We think that, in view of the facts stated, the application was in substance and effect so accompanied, and that

---

[4]County also claims Johnson failed to establish grounds for nonstatutory relief from default pursuant to the court's equitable powers. In the trial court, Johnson's attorney specifically disclaimed reliance on any grounds for relief except section 473, and on appeal Johnson relies only on section 473.

to hold otherwise would be to deny [defendant's] right to a hearing on the merits by an unnecessarily strict construction of the provision. The plain object of the provision was simply to require the delinquent party seeking leave to contest on the merits, to show his good faith and readiness to at once file his answer in the event that leave is granted by producing a copy of the proposed answer for the inspection of his adversary and the court. Substantial compliance with the provision of course requires such production in connection with the application for relief." (179 Cal. at p. 400.)

The parties inform us that *Puryear v. Stanley, supra,* 172 Cal.App.3d 291 and *Job v. Farrington, supra,* 209 Cal.App.3d 338 are the only two cases that have considered *Lewis* in the context of a proposed pleading filed after the expiration of the statutory period for filing an application for relief from default but before the hearing on the application. Our own research has failed to disclose any other such cases.

In *Puryear,* the Third District "decline[d] to extend the concept of 'substantial compliance' to embrace the present circumstances. To do so would distort the express directive of section 473 that a motion for relief from default 'be accompanied' by an answer or other proposed pleading and be submitted to the trial court within six months of entry of default." (172 Cal.App.3d at p. 295.)

We are of the view that such a rigid application of the "accompanied by" requirement fails to give full remedial effect to the statute. Such an application of the statutory language is an "unnecessarily strict" (*County of Los Angeles v. Lewis, supra,* 179 Cal. at p. 400) way to accomplish the statutory objectives.

The two requirements of section 473 that *Puryear* links together, namely, that the motion be filed within six months and that the answer accompany the motion, seek to accomplish two different objectives. The six-month limitation enhances the finality of judgments by limiting the time during which they may be attacked.[5] The "accompanied by" requirement, by contrast, seeks to screen out those applications for relief that do not assert a potentially meritorious defense. (See *County of Los Angeles v. Lewis, supra,* 179 Cal. at p. 400.) There is no logical reason why the two separate requirements should be applied interdependently, as they are in *Puryear.*

Instead, the objectives of the six-month limitation are fulfilled by timely and substantial compliance with section 473. The opposing party is on notice

---

[5]Even the goal of attaining finality is not as rigid as is implied by the *Puryear* decision. After the passage of six months from entry of default, a defendant still may seek equitable relief from judgment on grounds somewhat narrower than those in section 473. (See *Steven W. v. Matthew S.* (1995) 33 Cal.App.4th 1108, 1114 [39 Cal.Rptr.2d 535]; *In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1069 [202 Cal.Rptr. 116].)

within a reasonable time that the judgment is under attack, even if that notice is defective in some manner. The objectives of the "accompanied by" requirement, i.e., a screening determination that the relief is not sought simply to delay the proceedings, are satisfied by the filing of a proposed answer at any time before the hearing. Accordingly, we agree with *Job* that a motion for relief from default may substantially comply with section 473—that is, it may give adequate notice that the judgment is under attack and the basis for the attack—even if a proposed answer is not attached to the motion when it is filed. (See *Job* v. *Farrington, supra,* 209 Cal.App.3d at p. 341.) A party substantially complies with the "accompanied by" requirement by filing the proposed answer sufficiently in advance of the hearing to permit the other party to prepare for the hearing.

In the present case, County does not contend the trial court abused its discretion in granting Johnson relief from the default and default judgment, if the trial court had jurisdiction of the matter at all. We are satisfied the court had jurisdiction because Johnson's moving papers substantially complied with section 473. The notice of motion and accompanying declaration adequately informed County of the basis for Johnson's attack on the judgment. (See *County of Los Angeles* v. *Lewis, supra,* 179 Cal. at p. 400.) There was substantial compliance with the "accompanied by" requirement by serving and filing the proposed answer three weeks in advance of the hearing on the section 473 motion.

### Disposition

The order is affirmed. Costs on appeal are awarded to respondent.

Stone (W. A.), Acting P. J., and Wiseman, J., concurred.