Filed 4/27/16  Law Offices of Joseph P. Scully v. Gambina CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LAW OFFICES OF JOSEPH P. SCULLY, P.C., | |
| Plaintiff and Appellant, | G050600 |
| v. | (Super. Ct. No. 30-2013-00637844) |
| JOHN GAMBINA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment and order of the Superior Court of Orange County, James E. Loveder, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

The Law Office of John Derrick and John Derrick for Plaintiff and Appellant.

Smith Hall Strongin, Eric B. Strongin and Ladan Shelechi for Defendant and Respondent.

## INTRODUCTION

Attorney Joseph Scully appeals from an order vacating a default and a default judgment against his former client, John Gambina. The trial court granted Gambina's motion to set aside the default on the ground that Scully had committed extrinsic fraud by failing to send Gambina the notice of the availability of arbitration of fee disputes as required by Business and Professions Code section 6201[1] when Scully sued him for unpaid fees. Because the court vacated the default, it also vacated the default judgment Scully had obtained against Gambina.

We affirm. The trial court exercised its discretion to set aside both the default and the default judgment. Under the circumstances here presented, we cannot find abuse of this discretion.

## FACTS

Scully filed a complaint for attorney fees against Gambina on March 15, 2013. Scully did not send Gambina the notice of the client's right to arbitrate fee disputes mandated by section 6201, subdivision (a), either with the summons or at any other time. Gambina did not respond, and default was entered against him on May 7, 2013.

Representing himself, Gambina moved to set aside the default on June 13, 2013.[2] The grounds were quite difficult to ascertain and mostly dealt with the merits of Scully's lawsuit. For example, he claimed he had never discussed fees with Scully "until [Gambina] received the Summons." As to the reason he did not timely respond, Gambina stated, "I was served several weeks after the 3/15/2013 was server on 4/12/2013 [*sic*]."[3]

---

[1] All further statutory references are to the Business and Professions Code unless otherwise indicated.

[2] Gambina called his pleading a motion to set aside a default *judgment*, but as of that time, no judgment had been entered.

[3] The proof of service stated that Gambina was served by substitute service on March 24, 2013, with a mailing the next day.

2

He further stated, "Also had to spend time [] figuring out what to do" and asserted that his brother was "in and out" of the hospital for a broken vertebra and needed his care. He also claimed to be surviving on food stamps. "I could not [afford an] attorney and since I had property legal aid would not help." The motion was taken off calendar at a hearing on July 10 for failure to serve Scully with the moving papers in accordance with the Code of Civil Procedure.[4] At a case management conference over a month later, in August, the court inquired as to whether Gambina had filed a new motion. He had not. The court continued the case management conference to November 12, 2013.

Gambina made his second attempt on November 6, 2013. Although he was still representing himself, Gambina's papers looked somewhat more professional, and, as it turned out, he had used legal aid to assist him in preparing them. As one of the reasons for setting aside the default, Gambina stated, "[S]ince the instant lawsuit is based on the alleged non-payment of attorney fees, prior to commencing the instant action, [Scully] was required to serve [Gambina] with a 'Notice of Client's Right to Fee Arbitration.'" He then cited section 6201, subdivision (a), and asked the court to dismiss the lawsuit pursuant to its terms. He also asked the court to take judicial notice of his petition to arbitrate a fee dispute, purportedly submitted to the Orange County Bar Association, and the notice of a stay pending arbitration, copies of which were attached to his motion. The notice of stay and the petition to arbitrate the fee dispute were dated November 5, 2013.

The trial court (Judge Horn) denied the motion on several grounds at a hearing on December 18, at which Gambina was present. Analyzing the motion first under Code of Civil Procedure section 473, the court observed that the "evidence" was largely contained in the memorandum of points and authorities, not in a sworn declaration. But even considering the statements in the points and authorities as

---

[4] At the hearing, the court strongly advised Gambina to get legal assistance with his pleadings. It also explained to Gambina that, he could refile the motion. Gambina's brother, who was present at the hearing, asked him, "Where have you been going to legal aid?"

evidence, Gambina had not explained why he failed to timely respond to the complaint (since the summons clearly stated he had to respond in 30 days) or why he waited nearly six months to seek help in seeking to set aside the default. The court was thus unable to determine whether he had sought the court's assistance within a "reasonable time," as required by the statute.

The court also analyzed the court's power to grant equitable relief, in addition to its statutory power. Again, Gambina had failed to present evidence to support equitable relief, even if he had not received the notice required by section 6201. He had not given the court evidence of a satisfactory excuse for not presenting the defense or evidence of diligence. The ruling then stated, "The statutory time limits on relief under CCP §473(b) do not apply here, and [Gambina] may still re-file a motion for equitable relief (in order to present sufficient evidence)."

Judge Horn also advised Gambina that, although his request for a stay was being denied as not in the court's power, Gambina did not need court permission to file a notice of stay. The effect of filing this document would be to stay the action. The record does not indicate Gambina ever filed the notice of stay.

On February 28, 2014, after a default prove-up, the court entered a default judgment against Gambina for $272,965. The notice of entry of judgment was filed and served on March 18.

Gambina, this time represented by counsel, filed an ex parte application to set aside the default and the default judgment on May 15, 2014. The application was converted to a regularly noticed motion, and it was heard on July 11, 2014, by a judge other than Judge Horn. The motion to set aside the default was now well beyond the six-month period permitted by Code of Civil Procedure section 473; the motion to vacate the default judgment, however, was still within the statutory time period.

After supplemental briefing on the effect of Scully's failure to comply with section 6201, the court granted the motion to set aside both the default and the default

4

judgment on equitable grounds. As to Gambina's diligence, the court stated, "[Gambina] has been diligent in seeking relief. This motion is his third. The prior motions were made within six months after the default was taken. He appeared without benefit of counsel."

## DISCUSSION

An order vacating a default and a default judgment is appealable as an order after final judgment. (*County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 834; Code Civ. Proc., § 904.1, subd. (a)(2).) We will pass over the problems created by having a judge other than the one who heard a motion hear what was in essence a motion for reconsideration (see Code Civ. Proc., § 1008, subd. (a)) and by the court's invitation to Gambina to refile a motion on the same grounds that had already been decided against him.[5] Instead, we will focus on the trial court's discretion to grant equitable relief to set aside an order or judgment.

## I.        Default

Because the time for relief under Code of Civil Procedure section 473 had expired, Gambina had to provide the trial court with grounds to exercise its equitable powers to vacate the default. Specifically, he had to show the court that "extrinsic fraud" prevented him from having his "day in court." We review the court's decision to vacate a default for abuse of discretion. (*Rappleyea, supra,* 8 Cal.4th at 982.)

"""Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. [Citation.] Examples of extrinsic fraud are: … failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will

---

[5] The trial court may have been influenced in this latter act by Gambina's status as a self-represented party notwithstanding his help from legal aid. The rules for parties represented by counsel and those represented by themselves are the same. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 (*Rappleyea* ).) "My counsel prepared a really bad set of papers" should not cut much ice as an excuse for either category.

not proceed (and then it does proceed).  [Citation.]  The essence of extrinsic fraud is one party's preventing the other from having his day in court."  [Citations.]  Extrinsic fraud only arises when one party has in some way fraudulently been prevented from presenting his or her claim or defense.  [Citations.]'  [Citation.]"  (*Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290 (*Moghaddam*).)

"To set aside a judgment based on extrinsic fraud or extrinsic mistake, the moving party must satisfy three elements:  'First, the defaulted party must demonstrate that it has a meritorious case.  Secondly, the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action.  Lastly, the moving party must demonstrate diligence in seeking to set aside the default once it had been discovered.'  [Citations.]"  (*Moghaddam, supra,* 142 Cal.App.4th at pp. 290-291.)

We cannot find that the trial court abused its discretion when it determined that Gambina had fulfilled the requirements for a finding of extrinsic fraud for failing to give the notice mandated by section 6201, subdivision (a).  Scully does not dispute that Gambina presented evidence of a meritorious case.  The trial court determined, based on the record before it, that both the excuse for not responding to the original action and the diligence Gambina exhibited in working to get the default set aside were satisfactory.  We do not disturb the trial court's assessment in such cases.  (*Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523; see *Waite v. Southern Pacific Co.* (1923) 192 Cal. 467, 471.)

II.         **Default Judgment**

Gambina's motion to set aside the default judgment was made within the time limits prescribed by Code of Civil Procedure section 473.  The trial court has wide discretion to grant such a motion.  (*Gardner v. Superior Court* (1986) 182 Cal.App.3d 335, 338-339.)  As we are reversing the default upon which the judgment rests, the default judgment too must be reversed.  (See *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 210 [default judgment based on flawed entry of default reversed].)

6

**III.      Request for Judicial Notice**

Appellant has requested judicial notice of the California State Bar's guidelines for fee arbitration programs and the Orange County Bar Association's mandatory fee arbitration rules.  Judicial notice of these documents is unnecessary to the determination of this appeal; we therefore deny the request.  (See *In re Loveton* (2016) 244 Cal.App.4th 1025, 1045, fn. 17.)

**DISPOSITION**

The order vacating the default and the default judgment is affirmed. Appellant's request for judicial notice is denied.  Respondent is to recover his costs on appeal.



                                                                BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.