Filed 10/26/23  Smith v. Soderstrom CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY SMITH, | |
| Plaintiff and Appellant, | G061259 |
| v. | (Super. Ct. No. 30-2019-01070766) |
| RANDY SODERSTROM, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Theodore R. Howard, Judge.  Affirmed.  Request for Sanctions.  Denied.

Anthony Smith, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff Anthony Smith appeals from the trial court's order granting defendant Randy Soderstrom's motion under Code of Civil Procedure section 473, subdivision (b) (section 473(b)) to vacate the default and default judgment entered against him. For the reasons we explain, the trial court did not abuse its discretion by granting the motion. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The appellate record is limited. It includes the register of actions, which identifies Anthony Smith and Tara Smith as plaintiffs,[1] and Randy Soderstrom, Legal Insights, Inc., Jeremy Healey, and Jason Voelker as defendants. It also shows the Smiths filed a complaint in May 2019 and a first amended complaint in July 2019. According to the issue conference statement the Smiths filed in the trial court (the Smiths' pleadings are not included in the appellate record), their lawsuit is based on the allegations "they were victims of an ongoing scheme perpetrated by Soderstrom, and his company Legal Insights, Inc. . . . to defraud them of thousands of dollars by false assurances and [by] representing that Soderstrom was licensed in the practice of law." The issue conference statement states the Smiths' first amended complaint contained claims against Soderstrom for fraud, breach of contract, unfair competition, violation of the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.), intentional infliction of emotional distress, violation of the Tom Bane Civil Rights Act (Civ. Code § 52.1), and violation of Business and Professions Code sections 6450–6456.

In November 2019, Soderstrom filed a demurrer to the first amended complaint and a motion to quash service of process. In February 2020, the trial court denied the motion to quash, overruled the demurrer, and ordered Soderstrom to file an answer to the first amended complaint "within 30 court days after service of notice of this

---

[1] We refer to Anthony and Tara Smith as "the Smiths" and Anthony Smith individually by his first name for purposes of clarity; we intend no disrespect.

2

ruling." The court ordered "Counsel for Plaintiffs to give notice of these rulings." (Italics omitted.) Neither the Smiths nor their counsel served notice of the court's rulings on Soderstrom, and Soderstrom did not file an answer to the first amended complaint.

Over one year later, the trial court observed the Smiths had not filed a request for the clerk to enter Soderstrom's default and had not yet served any of the three other named defendants in the case. On April 30, 2021, the trial court issued an order to show cause why the case should not be dismissed. After the Smiths filed a response to the court's order opposing dismissal of the case, the court took the order to show cause off calendar.

The register of actions shows on July 2, 2021, the Smiths filed a request for entry of Soderstrom's default and a statement of damages. In August 2021 and again in October 2021, the Smiths filed a request the court enter default judgment against Soderstrom.

On October 6, 2021, judgment was entered against Soderstrom and in favor of the Smiths: "GOOD CAUSE APPEARING from the Default 'Pr[]ove-Up' Package submitted by Plaintiffs and the records and files in this case, the Court orders Judgment as follows: [¶] The actions of Randy Soderstrom ('Soderstrom') doing business as Legal Insights, Inc. is declared to constitute the unauthorized practice of law; [¶] Soderstrom is enjoined from conducting any business with anyone in the State of California. [¶] The complaint filed by Soderstrom with prison authorities against plaintiff Anthony Smith on July 20, 2017, is declared to be false. [¶] Soderstrom is ordered to retract the false complaint he filed with prison authorities [o]n July 20, 2017, against plaintiff Anthony Smith. [¶] The personal assets of Soderstrom are to be frozen until such time as the Court order[s] otherwise. [¶] Plaintiffs shall be awarded damages in the amount of $39,000. [¶] Plaintiffs shall be awarded punitive damages in the amount of $100,000. [¶] Plaintiffs shall be awarded costs in the amount of [$]1,174.36. [¶] Plaintiffs shall be

3

awarded Attorney's Fees in the amount of [$]22,600. [¶] In total, for monetary damages, plaintiffs shall be awarded $162,774.36. [¶] IT IS SO ORDERED."

On November 16, 2021, Soderstrom filed a motion under Code of Civil Procedure section 473 to set aside the default and the default judgment entered against him and a proposed answer to the first amended complaint. In his motion, Soderstrom argued: "This Motion is made pursuant to CCP § 473, et seq., and is based on the grounds that Defendant was unable to respond or appear in court due to Plaintiff not having properly served numerous documents in this case including, but limited to: trial briefs, prove up package, notices from the Court, notice of entry of default, request for amended entry of default and many others as will be shown herein. Furthermore, Plaintiff filed a crucial brief in the wrong court, failed to re-file in this Court, provided no notice and was sanctioned for failure to provide service and sanctioned again for filing a 'frivolous' complaint. Plaintiff has engaged in numerous end-run attempts to continue filing this frivolous complaint despite having overwhelming evidence that Defendant Soderstrom is not culpable of anything. Furthermore, Defendant was suffering with COVID through part of these proceedings, being unable to respond even if he had been properly served (which he was not), and the Court was closed nearly a year due to the pandemic. Defendant was actively participating in this case up to and until the time that Plaintiff's counsel suggested he would be dropping the case, and had it not been for Plaintiff's counsel leading Defendant to believe this complaint would be dropped, and for the fact that Plaintiff simply failed to serve numerous pleadings on Defendant, he would have continued defending himself against these unfounded allegations." (Italics omitted.)

In his declaration filed in support of the motion, Soderstrom stated: (1) during a February 2020 conversation, the Smiths' counsel Joseph Elford informed Soderstrom he intended to dismiss the complaint against Soderstrom and "would let [Soderstrom] know otherwise"; (2) Soderstrom informed Elford of Soderstrom's new mailing address in Laguna Niguel and e-mail address; (3) Soderstrom had not received

4

any communications, documents, or correspondence from the Smiths or Elford since late 2019; and (4) from March 2020 until June or July 2020, Soderstrom "was very sick with COVID 19 and its after [e]ffects," some of which still affect him.

Soderstrom also filed the declaration of his personal assistant Carlos Rodriguez in support of the motion. In his declaration, Rodriguez stated he had worked for Soderstrom since 2017 and his duties have included receiving, processing, and logging mail at Soderstrom's mailing address in Laguna Niguel. Rodriguez stated he did not recall ever seeing mail from the Smiths or Elford and further stated he reviewed the incoming mail logs for 2019, 2020, and 2021 which did not show any mail had been received from the Smiths or Elford.

The Smiths filed opposition to the motion to set aside the default and default judgment. They submitted Elford's declaration; Elford denied having any conversations with Soderstrom except for one in November 2019 in which Elford refused Soderstrom's request to dismiss the lawsuit. Elford also stated, throughout the litigation, he properly served Soderstrom at his address of record in Las Vegas, Nevada.

In reply, Soderstrom submitted another declaration in which he reiterated he had a telephone conversation with Elford in February 2020 during which Elford said he was considering "dropping this case" and that he would contact Soderstrom "before going forward, if he chose to do so." Soderstrom further stated he and Elford also discussed possible settlement and Soderstrom gave Elford his new mailing address and e-mail address. He stated he "temporarily deactivated" his original e-mail account "for personal reasons not associated with this case." Soderstrom reiterated he was sick with COVID from February to June 2020.

Soderstrom also filed a second declaration from Rodriguez in which Rodriguez stated he witnessed Soderstrom's February 2020 telephone call with Elford at Soderstrom's request. Rodriguez stated he heard Elford identify himself and state he was probably going to dismiss the case. He heard the parties discuss settlement and

Soderstrom give Elford his new mailing and e-mail addresses. Rodriguez stated "[b]efore the end of the call, [he] heard Mr. Elford tell [Soderstrom] that he would call him if he decided to go forward."

Following a hearing, the trial court granted the motion to vacate the default and default judgment. In its minute order, the trial court stated, "most of the arguments presented by [Soderstrom] do not support the request for relief." The court explained: "For example, [Soderstrom] asserts that events in 2020 impeded his ability to respond. But [Soderstrom]'s deadline to Answer did not run until June 2021 (30 days after service of notice of the 2/6/20 ruling). [Soderstrom] does not claim that there was any impediment to responding by that time. [Soderstrom] also asserts that he did not receive various filings because [the Smiths'] counsel served them to [Soderstrom]'s address of record, rather than to a new address he had provided to [the Smiths'] counsel in early 2020. [The Smiths'] counsel denies that [Soderstrom] provided any such information in early 2020 or thereafter. But in any event, until [Soderstrom] filed a Notice of Change of Address on 11/15/21 . . . , service to his prior address of record was required. [Citation.] [Soderstrom] also asserts that no Statement of Damages was timely served. But [the Smiths] have shown that Statements of Damages were timely served on 4/8/21 to [Soderstrom]'s then-address of record."

The court further explained: "However, [Soderstrom] has also asserted that, based on a call he claims to have had with [the Smiths'] counsel in February 2020, he had believed that [the Smiths] did not intend to pursue the case further, and [he] would be contacted if that changed. . . . [The Smiths'] counsel unequivocally denies that any such discussion occurred. . . . And [Soderstrom's] own declaration seems inconsistent with this claim, as he also asserts that he 'received no communications, documents or correspondence' from [the Smiths] or their counsel 'since late 2019.' . . . But even if [Soderstrom] just misunderstood a prior communication with [the Smiths'] counsel, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from

6

default.' [Citation.]  The remedial relief offered by C.C.P. § 473 is 'highly favored and is liberally applied.' [Citation.]  Relief from default will therefore be granted here.  [¶] [Soderstrom] shall file and serve his Answer, which Answer shall be in substantially the same form as that which he submitted with the Motion . . . within 5 court days."

Anthony appealed from the order vacating the default and the default judgment against Soderstrom.[2]  (See *County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 834 [an order vacating a default and default judgment pursuant to section 473 is appealable as an order after final judgment].)

DISCUSSION

I.

SECTION 473(b) AND THE APPLICABLE STANDARD OF REVIEW

Section 473(b) provides in relevant part:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . .  No affidavit or declaration of merits shall be required of the moving party."

We review an order granting relief under section 473(b) for an abuse of discretion.  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478 (*Shamblin*).)  The abuse of discretion standard of review "requires we defer to factual determinations made by the trial court when the evidence is in conflict, whether the evidence consists of oral

_____

[2]  Tara Smith is not included on the notice of appeal and has not made an appearance in this appeal.

7

testimony or declarations." (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440–1441, citing *Shamblin, supra*, 44 Cal.3d at p. 479.)

"Because the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default.'" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.) "'Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.'" (*Ibid.*)

The California Supreme Court explained: "It is the policy of the law to favor, whenever possible, a hearing on the merits. Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand. [Citation.] Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default." (*Shamblin, supra*, 44 Cal.3d at p. 478.)

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY GRANTING THE MOTION TO VACATE

Here, Soderstrom filed his motion to vacate the default and default judgment within a reasonable time under section 473(b)—less than six weeks after the default judgment was entered against him. As also required by section 473(b), Soderstrom's motion included a copy of his proposed answer.

The issue presented therefore is limited to whether the trial court abused its discretion by relieving Soderstrom from the default and default judgment taken against him through his "mistake, inadvertence, surprise, or excusable neglect." (§ 473(b).) Here, the trial court granted the motion based on evidence Soderstrom "misunderstood a prior communication with [the Smiths'] counsel" regarding whether the lawsuit was going to move forward.

8

Soderstrom's and Rodriguez's declarations filed in support of the motion stated, in February 2020, Elford told Soderstrom he was probably going to dismiss the lawsuit and would call Soderstrom if instead he decided to move forward with it. Soderstrom gave Elford his new mailing and e-mail addresses. In his declaration, filed in opposition to the motion, Elford categorically denied he made such statements.

Anthony contends the trial court's order granting the motion constitutes an abuse of discretion because the court believed Soderstrom, who Anthony characterizes as "an evident liar and proven scam artist," over the sworn declaration of Elford, an officer of the court. But the trial court did not necessarily believe Soderstrom's account over Elford's. (As explained in its minute order, the court rejected many of the grounds Soderstrom asserted in the motion.) The court did not need to decide whether Elford made the representations Soderstrom asserted he made because the court found the evidence showed, at a minimum, Soderstrom mistakenly believed the lawsuit would be dismissed unless Elford told him otherwise. We are bound by the trial court's credibility determinations. (See *McPherson v. EF Intercultural Foundation, Inc.* (2020) 47 Cal.App.5th 243, 257 ["Testimony believed by the trial court 'may be rejected only when it is inherently improbable or incredible i.e., "'unbelievable *per se*,'" physically impossible or "'wholly unacceptable to reasonable minds''""].) Nothing shows Soderstrom having such a mistaken belief is unbelievable per se, physically impossible, or wholly unacceptable to reasonable minds.

In his opening brief, Anthony argues Soderstrom's evidence Elford told him he would likely dismiss the case "belies logic" because Soderstrom asserted that conversation occurred right after the Smiths defeated Soderstrom's demurrer and motion to quash. While the Smiths' successful opposition to the demurrer and the motion to quash might have made it less likely they would have chosen to dismiss their lawsuit at that time, it does not render the evidence of Soderstrom's understanding of the February 2020 conversation unbelievable per se. A party might consider dismissing a lawsuit for

9

many reasons. Furthermore, the evidence showed Elford and Soderstrom also discussed possible settlement during that conversation.

Anthony argues Soderstrom "backtrack[ed] in his Reply and recant[ed] the February 6, 2020 date in an effort to confuse the court . . . , but the fatal blow to [Soderstrom]'s lie is his own statement of 'after the Case Management Conference'" in his moving papers. (Boldface omitted.) In both his initial moving papers and reply, Soderstrom argued he spoke with Elford on the telephone on or about February 6, 2020. In his moving papers, Soderstrom argued the conversation occurred "after the Case Management Conference." Soderstrom's declarations generally state the conversation occurred in February 2020. The court's minute order, dated February 6, 2020, in which the court ruled on the demurrer and the motion to strike, identifies the event type of the day as "Case Management Conference." Anthony has failed to show Soderstrom's arguments are so inherently contradictory as to be inherently unbelievable.

Anthony argues the trial court erred "when it concluded there was a 'doubt' that . . . must be resolved in [Soderstrom]'s favor." As discussed *ante*, under well-established precedent, "'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default'" (*Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 980), and "very slight evidence is required to justify a trial court's order setting aside a default" (*Shamblin, supra*, 44 Cal.3d at p. 478).

Anthony argues Soderstrom was not entitled to relief after he "willfully absented himself from the proceedings" for 21 months. Anthony's characterization is misleading. The record shows in February 2020, the trial court ordered Soderstrom to file an answer to the complaint within 30 days of service by the Smiths' counsel of the notice of rulings on the demurrer and motion to quash. Over 14 months later, in May 2021, the trial court found Soderstrom still had not been served with a notice of those rulings. Consequently, pursuant to the court's order, Soderstrom's obligation to file an answer had not been triggered during that period of time. The Smiths finally served

10

Soderstrom with a notice of those rulings in May 2021. After Soderstrom failed to file an answer within 30 days of being served with the notice of ruling, the Smiths successfully sought entry of Soderstrom's default in July 2021, and default judgment was entered in early October—about *four* months, not 21 months, after the deadline passed for Soderstrom to file an answer.

Anthony argues the motion should not have been granted because, given Soderstrom's litigation experience, Soderstrom could have referenced the register of actions to confirm whether the lawsuit had been dismissed. The trial court granted the motion, however, on the ground of mistake, not excusable neglect. The record does not show Soderstrom learned of his mistaken assumption until after default judgment had been entered against him. Arguably, the Smiths' lengthy delay in serving notice of the court's rulings supported Soderstrom's mistaken but reasonable belief the Smiths had abandoned their claims against him.

*McClain v. Kissler* (2019) 39 Cal.App.5th 399, which Anthony cites in his opening brief, is inapposite. In that case, the trial court denied the defendants' motion for relief from default judgment under section 473(b) after finding the defendants were not credible and had *knowingly* failed to file a response to the complaint. (*McClain v. Kissler, supra*, at p. 410.) Giving deference to the trial court's credibility determinations, the appellate court concluded the trial court had not abused its discretion and affirmed the order denying the motion to vacate. (*Id.* at pp. 404, 415.)

III.

THE SECOND REQUEST FOR SANCTIONS AND PRIORITY MAIL TRACKING IS DENIED

Anthony filed in this court a request for sanctions against Soderstrom and an order requiring Soderstrom to utilize priority mail with tracking on the ground Soderstrom failed to serve him with his request for an extension to file the respondent's brief. This court denied the request in its entirety because Soderstrom filed a proof of

11

service showing, on October 24, 2022, Carlos Rodriguez served Anthony by mail with a copy of the extension application.

Anthony thereafter filed in this court a second request for sanctions against Soderstrom and an order "directing [Soderstrom] to provide any and all filings by [Soderstrom] to [Anthony] via Priority Mail with tracking." In his request, Anthony argues Soderstrom failed to serve him with a copy of his second request for an extension to file the respondent's brief (which this court granted) and a copy of the filed respondent's brief itself. As to the second request for an extension to file the respondent's brief, like the first request for an extension, Soderstrom filed a proof of service showing Rodriguez mailed a copy of the second extension application to Anthony on January 31, 2023.

As to the respondent's brief, Soderstrom attempted to file a respondent's brief, but it was rejected for filing. Anthony's second request for sanctions and a priority mail order, therefore, is denied.

## DISPOSITION

The postjudgment order is affirmed. Because respondent did not file an appellate brief no party shall recover costs.

MOTOIKE, J.

WE CONCUR:

O'LEARY, P. J.

DELANEY, J.